**Dennler Christian WEIK, Jr., Appellant,**

v.

**ESTATE OF Margaret D. BROWN, Deceased, S & T Bank, Executor of the Estate of Margaret D. Brown, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 16, 2002.

Filed March 13, 2002.

David C. Pohland, Greensburg, for appellant.

Paul A. Bell, Indiana, for appellee.

BEFORE: DEL SOLE, P.J., BOWES and KELLY, JJ.

BOWES, J.:

¶ 1 Dennler Weik, Jr. appeals from the order granting judgment on the pleadings to the Estate of Margaret Brown, Appellee, on the basis that the statute of limitations had expired in this action for breach of contract to sell real estate. We reject Appellant's invocation of the discovery rule and affirm.

¶ 2 The pleadings indicate the following. On July 21, 1994, Margaret Brown gave Appellant an option to purchase 330 acres of land in Indiana County for $300,000. The handwritten one-paragraph document never was recorded. Ms. Brown was paid fifty dollars for the option. On March 6, 1995, Ms. Brown conveyed the property in breach of the option. The March 6, 1995 deed was recorded the following day. Ms. Brown died thereafter, and on April 10, 2000, Appellant instituted this action against Appellee alleging that Ms. Brown breached the option agreement by selling the land on March 6, 1995. Appellant sought $225,000 in damages. Appellee filed an answer and new matter raising, among other things, expiration of the applicable statute of limitations.

¶ 3 The case was dismissed after Appellee moved for judgment on the pleadings and argued that the five-year statute of limitations applicable to breach of contract actions, 42 Pa.C.S. § 5526, barred this action. This appeal followed.

¶ 4 Our standard of review of a grant or denial of a motion for judgment on the pleadings is as follows:

We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Holt v. Lenko,* 2002 Pa.Super. 29, ¶ 6, 791 A.2d 1212 (quoting *Ritchey v. Patt,* 431 Pa.Super. 219, 636 A.2d 208, 210 (1994)).

■ ¶ 5 Appellant concedes the applicability of the five-year statute of limitations. However, he argues that since he did not know until the summer of 1996 that Ms. Brown had sold her land, the discovery rule tolled the statute of limitations until that time, giving him until 2001 to file this action. He suggests that the recording of the deed did not trigger any constructive knowledge on his part regarding the transfer giving rise to the breach, arguing that the recording statute applies only when determining who has superior title to a piece of real estate.

¶ 6 We are unpersuaded by Appellant's argument and hold that the recording of the deed gave Appellant constructive notice of the transfer. Thus, the statute of limitations started to run on the date the deed was recorded.

■ ¶ 7 We examine the pertinent law:

The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period.

*Cappelli v. York Operating, Inc.,* 711 A.2d 481, 484–85 (Pa.Super.1998) (citations omitted); *accord Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983); *Kramer v. Dunn,* 749 A.2d 984 (Pa.Super.2000). However, there is an exception to the statute of limitations called the discovery rule:

The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. The limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.

*Cappelli, supra,* 711 A.2d. at 485 (quoting *Pearce v. Salvation Army,* 449 Pa.Super. 654, 674 A.2d 1123, 1125 (1996)). The party invoking the discovery rule has the burden of proving that it applies. *Id.* In order to establish his entitlement to its application, the party must establish that he acted with reasonable diligence in determining the fact of injury but was unable to ascertain it. *Id.; accord Pocono, supra.* Where the rule's application involves a factual determination regarding whether the plaintiff exercised due diligence in discovering his injury, the jury must decide whether the rule applies. *Crouse v. Cyclops Industries,* 560 Pa. 394, 745 A.2d 606 (2000). However, when reasonable minds would not differ that the plaintiff has failed to exercise due diligence in ascertaining the existence of his injury, the court can decide the matter rather than submit it to the jury. *Cappelli, supra.*

¶8 In the present case, the real estate transaction that resulted in breach of the option was duly recorded in accordance with 21 P.S. § 351, which provides:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

¶9 Both this Court and our Supreme Court have had occasion to examine the effect of this provision on determining notice to the public about the contents of recorded deeds. In *Clancy v. Recker*, 455 Pa. 452, 316 A.2d 898 (1974), the Reckers made a number of conveyances from a large tract of land, and the deeds all contained restrictive covenants prohibiting the grantees from placing trailers on the land. The Reckers retained a significant portion of the common tract, and after their death, a portion of their retained tract was acquired by their son, who wanted to place a trailer park on it. The grantees instituted an action to prevent placement of the trailer park and argued that the restriction against trailers in their deeds was a reciprocal negative restriction that also applied to the land retained by the Reckers. Even though no restriction on trailers was contained in the deed to the Reckers' son, the Supreme Court indicated that "the deeds to the [prior purchasers] which were a matter of public record would constitute constructive notice that some type of development plan with building restrictions existed and was intended by the owners." *Id.*, 455 Pa. at 461, 316 A.2d at 902 (emphasis added).

¶10 In *Mancine v. Concord–Liberty Savings and Loan Assoc.*, 299 Pa.Super. 260, 445 A.2d 744 (1982), we noted that in *Salter v. Reed*, 15 Pa. 260 (1851), our Supreme Court stated that the primary object of recording acts for deeds is to give public notice of the title holder of property. In *Mancine*, we held that a creditor of the former owner of property had imputed knowledge that its debtor no longer owned the real estate. Constructive knowledge was premised upon the recording of the deed.

¶11 Appellant argues that the case of *Deemer v. Weaver*, 324 Pa. 85, 187 A. 215 (1936), stands for the proposition that third parties are not imputed with constructive knowledge of the contents of a recorded deed. We disagree. In that case, plaintiffs were fraudulently induced to transfer their interest in property based on a representation that it was being sold for $5,000 when it actually was sold for $9,000. Our Supreme Court noted that

there "was a deed drawn so as to show the consideration as only $5,000 in accordance with [the] misrepresentations to plaintiffs" and that "the additional consideration was paid in a separate transaction." *Id.*, 324 Pa. at 89, 187 A. at 217. The Court held that although the transfer stamps indicated that more than $5,000 was paid, plaintiffs were not placed on notice of that fact. The Court reasoned that the intentional misrepresentation of the purchase price on the deed gave the plaintiffs no reason to check the stamps. Thus, the holding of *Deemer* is that transfer stamps do not provide public notice of the purchase price of property when the deed recites a different consideration. Therefore, that case actually *supports* this Court's position regarding the effect of recorded deeds.

¶ 12 Clearly, the recording statute has been given effect beyond determining priority of title. It has been interpreted to give notice to the public of title transfer and the contents of a deed. We thus hold that the recording of the deed in the instant case gave Appellant constructive notice of the transfer of the property by Ms. Brown and that his option agreement had been breached. No reasonable mind would disagree that Appellant failed to exercise due diligence in discovering his injury. We also are puzzled about why Appellant, who admitted that he actually knew by 1996 that the property was transferred, waited almost **four years** to institute this action.[1]

■ ¶ 13 We are unpersuaded by Appellant's claim that Ms. Brown committed fraud or concealment by living on the property several months after she sold it and by failing to place a sign on the property indicating that it was for sale. We

agree that fraud or active concealment can operate to toll the statute of limitations. *Hayward v. Medical Center of Beaver Co.*, 530 Pa. 320, 608 A.2d 1040 (1992). However, "[m]ere silence in the absence of a duty to speak ... cannot suffice to prove fraudulent concealment." *Sevin v. Kelshaw*, 417 Pa.Super. 1, 611 A.2d 1232, 1236 (1992); *see also Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 770 (Pa.Super.1999).

¶ 14 In this case, Ms. Brown committed no fraud. *Compare Deemer, supra* (consideration for property affirmatively misrepresented and that misrepresentation was also placed in the deed). Moreover, Appellant has not pointed to a legal or contractual duty to speak on her part. Ms. Brown continued to reside on the property for a time after she transferred it and never placed a sign on it. She merely was silent; her actions did not constitute fraud or concealment in light of the fact that the transaction was recorded the day after it occurred. As there was neither active concealment nor a duty to inform, the statute of limitations was not tolled. *See Montanya v. McGonegal*, 757 A.2d 947 (Pa.Super.2000).

¶ 15 The trial court correctly ruled that reasonable minds would not differ that Appellant failed to exercise due diligence in determining that the land had been transferred in violation of the option. Thus, as a matter of law, this action is barred by the applicable statute of limitations. We affirm the grant of judgment on the pleadings to Appellee.

¶ 16 Order affirmed.

---

1. Indeed, the Courts are grappling with the issue of whether the discovery rule can be invoked when a plaintiff actually discovers his injury within the applicable statute of limita- tions but fails to institute the action until after the statute expires. *See Murphy v. Diogenes A. Saavedra, M.D., P.C.*, 560 Pa. 423, 746 A.2d 92 (2000).