**Charles M. LANG, Appellant,**

v.

**CONTINENTAL ASSURANCE COMPANY; Trustmark Insurance Company, (Mutual).**

**No. 01–4009.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 19, 2002.

Decided Dec. 4, 2002.

Before BARRY, AMBRO, Circuit Judges, and ACKERMAN,* District Judge.

## OPINION

BARRY, Circuit Judge.

Appellant Charles M. Lang appeals from the District Court's dismissal of his suit against Continental Insurance Company and Trust Mark Insurance Company (collectively, the "insurers"). The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We will affirm.

Because we write only for the parties who are familiar with the underlying facts of this case, we will dispense with a full explanation of this case's background. Suffice it to say that appellant was issued a Disability Insurance Policy by Continental in June, 1985. He submitted a proof of claim and began receiving disability benefits under the policy in 1987. On May 11, 2000, appellant initiated this action in Pennsylvania state court, seeking the addition of a Cost of Living Allowance ("COLA") to his monthly benefits. The case was subsequently removed to federal court, and then remanded to state court, where appellant filed a complaint, alleging: 1) breach of contract; 2) promissory estoppel; 3) misrepresentation; 4) negligence; 5) breach of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and 6) breach of the Pennsylvania Insurance Bad Faith Statute. The case was removed again in early 2001, and in October, 2001, it was dismissed by the District Court under Fed.R.Civ.P. 12(b)(6) as barred by the applicable statute of limitations.

Our review of the Rule 12(b)(6) dismissal is plenary. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir.2002). We must, therefore, decide whether, "under any reasonable reading of the pleadings, the plaintiff[ ] may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff['s] cause of action."

* The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

*Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

Appellant claims that *Hofkin v. Provident Life & Accident Ins. Company*, 81 F.3d 365 (1996), dictates that his lawsuit was timely filed because he has been continuously disabled since 1987. He argues, in the alternative, that each improper monthly disability insurance payment—improper because the COLA was not included—gave rise to a new and distinct cause of action. Finally, he asserts that the District Court erred in rejecting his contention that the insurers were equitably estopped from asserting a statute of limitations defense.

The bottom-line issue before the District Court was the point in time at which appellant's various causes of action accrued. According to Pennsylvania state law, the statute of limitations for a particular cause of action "begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. . . . It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Cappelli v. York Operating Co., Inc.*, 711 A.2d 481, 484–85 (Pa.Super.Ct.1998) (internal quotations and citations omitted).

Even this principle's primary exception, i.e., what has become known as the "discovery rule," only "tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Id.* at 485 (internal quotations and citations omitted). Where the discovery rule is invoked, "[t]he limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he needs to investigate to determine whether he is entitled to redress." *Id.* (internal quotations and citations omitted); *see also Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa.Super.Ct.2002).

■ We agree with the District Court that appellant was most certainly on notice of his alleged injury since at least December, 1989, at which point in time he was given, in writing, an affirmative, unequivocal representation that he would not be receiving COLA benefits under his policy. Appellant's policy contains no reference to COLA benefits and the status of his disability and his concomitant eligibility to collect disability payments under his policy are *not* at issue in this action. *Hofkin*, therefore, is inapposite. As in *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1042 (Pa.Super.Ct.1999), because "appellants have alleged no separate acts of bad faith conduct occurring . . . within the statute of limitations applicable to any viable claim of common law bad faith [and] . . . appellants' allegations relate to conduct that merely reaffirmed the position appellee clearly set forth [in writing to plaintiffs]," there is no basis to accept the argument that renewed causes of action arose each time the insurer allegedly refused coverage in bad faith. *Id.* The *Adamski* Court noted that "[a]s has long been held by Pennsylvania courts, the tolling of the statute begins at the time of the initial breach, whether or not the breach continues throughout the trial," *id.* at 1041, "and not when the precise amount or extent of damages is determined." *Id.* at 1042 (citation omitted). The Court ultimately found that "the alleged harm to . . . appellants as assignees[ ] occurred when appellee's position was made clear by the 1986 letter and appellee maintained that position by subsequently refusing to de-

fend or indemnify.... As the [applicable caselaw] indicate[s], appellants may not separate initial and continuing refusals to provide coverage into distinct acts of bad faith." *Id.*

We also agree with the District Court that the other cases cited by appellant are distinguishable from this case. The disputed issue before us, i.e., whether or not appellant should receive COLA benefits, represents a disagreement as to whether an obligation existed at all as part of appellant's original contract, whereas the disputes in the cases appellant cites were disagreements as to continuous and ongoing obligations. *See, e.g., Dinerstein v. Paul Revere Life Ins. Co.*, 173 F.3d 826, 827–29 (11th Cir.1999) (rejecting argument that insurer's continuing obligation to pay benefits continually renews triggering of statute of limitations because "the issue is not whether the total amount due under a particular installment was fully paid, but rather whether it was owed in the first place"). As the District Court found, in December 1989, appellant was "unequivocally informed ... that Continental would not be providing the COLA benefit." (Dist. Ct. Op. at 7 (citing Complaint ¶ 23)). The statute of limitations thus began to run as of December 1989, and the time within which appellant could have brought his claims has long since expired.

The District Court also correctly rejected appellant's argument that the insurers should be precluded from raising a statute of limitations defense under the doctrine of equitable tolling. Equitable tolling is only applicable "[i]f through fraud or concealment the defendant causes the plaintiff to relax his or her vigilance or deviate from his or her right of inquiry". *Lange v. Burd*, 2002 PA Super 158, 800 A.2d 336, 339 (Pa.Super.Ct.2002) (citing *Molineux v. Reed*, 516 Pa. 398, 403, 532 A.2d 792 (1987)). While courts applying Pennsylvania law have not required "fraud in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception," *Nesbit v. Erie Coach Co.*, 416 Pa. 89, 96, 204 A.2d 473 (1964), these courts, including our own, *have* found that in order for a plaintiff to successfully invoke the doctrine, a defendant's actions needed to have constituted "an affirmative inducement to plaintiff to delay bringing the action." *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985) (internal quotations and citations omitted). Moreover, the "burden of proving fraud or concealment, whether intentional or not, rests upon the party making the claim. The evidence presented must be clear, precise and convincing," *Connors v. Beth Energy Mines, Inc.*, 920 F.2d 205, 211 (3d Cir.1990), and "mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the applicable statutory period." *Bigansky v. Thomas Jefferson University Hosp.*, 442 Pa.Super. 69, 658 A.2d 423, 426 (Pa.Super.Ct.1995).

■ There is utterly no evidence that appellant was ever misled in any way with regard to his receipt of COLA benefits; indeed, the insurers unwaveringly claimed from the first time inquiry was made that appellant was not entitled to these benefits. Moreover, there is no evidence that appellant was ever induced to delay the bringing of his claims. The District Court correctly determined that even examining the factual allegations of the complaint in the light most favorable to appellant, equitable tolling simply did not apply.

We will affirm the October 9, 2001 Order of the District Court.