**MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant**

**v.**

**LUZERNE COUNTY TAX CLAIM BUREAU, Bassam Bittar.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2012.

Decided Oct. 1, 2012.

Reargument Denied Nov. 7, 2012.

Donald M. Lewis, III, Harrisburg, for appellant.

John P. Rodgers, Wilkes–Barre, for appellees.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BROBSON, Judge.

OPINION BY Judge BROBSON.

Appellant Manufacturers and Traders Trust Company (Bank) appeals from an order of the Court of Common Pleas of Luzerne County (trial court), which dismissed the Bank's petition to vacate a judicial tax sale of a property on which it holds a lien. We now reverse.

On March 23, 2011, the Luzerne County Tax Claims Bureau (Bureau) conducted an upset tax sale on a property (Property) owned by Michael J. Kizis and Monica Kizis (Owners) and located in Plains Township, Luzerne County, for past due real estate taxes. Because the upset price was not bid, the Bureau filed a petition (Petition) with the trial court, seeking permission to conduct a judicial tax sale under Section 611 of the Pennsylvania Real Estate Tax Sale Law (Tax Sale Law).[1] On April 21, 2011, the trial court granted the Petition. In so doing, the trial court issued a rule to show cause (Rule), directing all interested parties to appear on May 27, 2011, and show cause why the Property should not be sold free and clear of all respective claims, liens, mortgages, and encumbrances. The Bureau notified the Bank by certified mail at two different addresses. The Bank did not appear at the May 27, 2011 hearing, and the trial court issued an order granting the Bureau permission to conduct a judicial tax sale to sell the Property. On August 10, 2011, Bassam Bittar (Purchaser) purchased the Property free and clear of any liens at the judicial tax sale.

The Bank filed with the trial court a petition to vacate the judicial tax sale, requesting the trial court to set aside the sale of the Property or, in the alternative, to reinstate the Bank's 2006 lien on the Property.[2] In its petition, the Bank alleged that it did not receive notice of the May 27, 2011 hearing. Specifically, the Bank averred that the Bureau did not comply with the notice requirements of Sections 607.1[3] and 611 of the Tax Sale Law, in part, because the Bureau did not use the Bank's complete address as listed in its recorded mortgage lien documents.[4] On September 28, 2011, the trial court granted Purchaser's petition to intervene.

On October 17, 2011, the trial court held a hearing on the Bank's petition to vacate, at which Nadine Emel, Assistant Director of the Bureau, testified on behalf of the Bureau. Ms. Emel testified about the Bureau's methods and procedures for ascertaining the identity of interested parties, including lienholders, and notifying them of pending judicial tax sales.[5] With regard to the instant action, Ms. Emel testified that she provided the Luzerne County

1. Act of July 7, 1947, P.L. 1368, 72 P.S. § 5860.611.

2. We note that the Bank also filed a second mortgage lien on the Property in 2009.

3. Act of July 7, 1947, P.L. 1368, added by the Act of July 3, 1986, 72 P.S. § 5860.607a.

4. The Bank also averred that the Bureau should have sent the notification to its Harris-

burg-based attorneys who are involved in a foreclosure action that the Bank had instituted against Owners in Luzerne County on October 27, 2010.

5. Ms. Emel's testimony indicates that the Bureau generally relies on title searches performed by Tiger Abstract, an outside company, to ascertain who or what entity, if any, holds a property interest in a property that is subject to judicial tax sale. (R.R. at 65a, 85a.)

Sheriff's Office (Sheriff) with the Rule and Petition, along with instructions to serve all interested parties. She testified that the Sheriff personally served Owners with the April 21, 2011 Rule and Petition. (Reproduced Record (R.R.) at 67a.) She further testified that the Sheriff notified the Bank via certified mail, return receipt required, at "One M & T Plaza, Buffalo, New York," [6] as well as "1100 Wehrle Drive, Williamsville, New York," of the pending judicial tax sale. (R.R. at 68a–70a.) Ms. Emel testified that the certified mail notices to the Bank were returned as served. (*Id.* at 70a.)

On cross-examination, Ms. Emel acknowledged that the Bank's recorded mortgage documents contain the appellation "Attn: General Counsel's Office" as part of the Bank's full address. (*Id.* at 86a–89a.) Further, Ms. Emel admitted that the Bureau did not include the appellation contained in the mortgage documents—*i.e.*, Attn: General Counsel's Office—in the instructions that the Bureau provided to the Sheriff for purposes of serving the Bank. (*Id.* at 86a.) Finally, she testified that she had no idea where

the 1100 Wehrle Drive address came from.[7] (*Id.* at 73a–74a.)

The trial court issued an order dismissing the Bank's petition to set aside the judicial tax sale. (*Id.* at 206a.) In its order, the trial court concluded that the "testimony and exhibits clearly show [the Bureau] complying in full with the notice requirements of [Section 611 of the Tax Sale Law]." (Certified Record, the trial court's opinion at 4.)

 On appeal,[8] the Bank propounds the following three arguments: (1) the trial court erred as a matter of law in concluding that the Bureau complied with Section 611 of the Tax Sale Law; (2) the trial court erred as a matter of law in failing to conclude that the Bureau violated Section 607.1 of the Tax Sale Law;[9] and, in the alternative, (3) the trial court erred in refusing to reinstate the Bank's mortgage lien on the Property.

 Before we begin our analysis of the Bank's first argument on appeal, we stress that the purpose of Section 611 or any other notice provision of the Tax Sale Law is "not to strip away citizens' proper-

---

6. We observe that the One M & T Plaza building in Buffalo, New York, has twenty-one stories and is ninety-eight percent occupied by the Bank. (R.R. at 98a.)

7. The Bureau stipulated at the hearing that the 1100 Wehrle Drive address does not appear anywhere in the Bank's recorded mortgage lien documents. (*Id.* at 87a–89a.)

8. This Court's review in judicial tax sale cases is limited to considering whether the trial court abused its discretion, rendered a decision lacking in supporting evidence, or clearly erred as a matter of law. *In re Dauphin Cnty. Tax Claim Bureau*, 834 A.2d 1229, 1232 n. 2 (Pa.Cmwlth.2003).

9. Section 607.1 of the Tax Sale Law provides in relevant part:
 (a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner,

mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee *or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee* or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him.
(Emphasis added.) Based on Section 607.1 of the Tax Sale Law, the Bank argues that "the condition of the return receipt card should have raised significant doubt as to the actual receipt of the notification by [the Bank]." (Appellant's Br. at 22.)

ty rights." *Willard v. Delaware Cnty. Tax Claim Bureau*, 921 A.2d 1273, 1279 n. 5 (Pa.Cmwlth.2007). Section 611 of the Tax Sale Law provides:

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, *addressed to such person's last known post office address*. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

(Emphasis added.) Based on the language of Section 611, we conclude that the law governing judicial tax sales is unambiguous and thus subject to strict interpretation. *See Allegheny Cnty. Inst. Dist. v. Dep't of Pub. Welfare*, 668 A.2d 252, 257 (Pa.Cmwlth.1995) (citing to Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921, which provides that "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"), *appeal denied*, 547 Pa. 757, 692 A.2d 567 (1997). Specifically, the Tax Sale Law compels strict compli-

ance to ensure that a governmental entity seeking to recover delinquent taxes provides due process before divesting a lienholder of its property. *In re Tax Claim Bureau of Westmoreland Cnty.*, 149 Pa. Cmwlth. 532, 613 A.2d 634, 639, *appeal denied*, 533 Pa. 615, 618 A.2d 404 (1992).

■ As stated above, the law requires that notice must be sent to a lienholder's "last known post office address." 72 P.S. § 5860.611. Here, the Bureau acknowledged that the Bank's last known address was listed on the Bank's recorded lien documents upon which the Bureau relied, in part, to notify the Bank of the judicial tax sale. (R.R. at 86a–89a.) Indeed, the Bank's February 10, 2006, lien document provides:

> I hereby *certify* that the address of the Bank is:
> Manufacturers and Traders Trust Company
> One M & T Plaza
> Buffalo, New York 14240
> Attn: General Counsel's Office
>
> _____
> [Signature]

(R.R. at 144a (emphasis added.)) [10] The Bureau, however, did not use the Bank's full, correct address when notifying the Bank because the Bureau omitted the appellation "Attn: General Counsel's Office." Additionally, the Bureau did not provide any evidence to demonstrate that the Bank had changed its last known address relating to its mortgage lien on the Property to something other than the certified address in its recorded lien documents. Also, the lien documents did not contain the 1100 Wehrle Drive address. Because the Bureau failed to use the Bank's full address as listed in the lien documents and sent a notification to an address not listed in

10. Although certified by a different agent, the Bank's August 31, 2009, lien document pro-

vides the identical address as the Bank's February 10, 2006 document. (R.R. at 161a.)

those documents, we hold that the notices sent to the Bank did not comply with Section 611 of the Tax Sale Law.

Accordingly, we reverse the trial court's order and vacate the judicial tax sale that transferred the Property free and clear of any and all liens to Purchaser.[11]

### ORDER

AND NOW, this 1st day of October, 2012, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby REVERSED.

11. Based on the outcome of our decision, we need not address the Bank's other arguments.