# Pennlyco, Ltd. v. International Development Corp.

*J. David Smith*, for plaintiff.
*Marc S. Drier* and *Jeffrey Malak*, for defendants.

ANDERSON, *J.*, April 8, 2014—Before the court are cross motions for summary judgment filed by all parties pursuant to this court's order of September 20, 2013, which memorialized the parties' agreement that liability in these matters could be resolved by way of such motions. Argument was heard March 18, 2014.

Plaintiff has brought the instant actions based on a transfer of certain mineral rights from its former tenant in common (with respect to those rights) to defendant IDC, and IDC's lease of those rights to defendant Southwestern. According to the complaints, transfer of the rights was subject to a right of first refusal and since the transfer took place without notice to plaintiff and the opportunity for plaintiff to purchase the rights, such violated the right of first refusal. Plaintiff seeks specific performance of the right of first refusal, imposition of a constructive trust on

the mineral rights, an accounting of any profits resulting from ownership of the rights since the transfer, damages for breach of the right of first refusal, a declaratory judgment that the lease between IDC and Southwestern is void, and damages for what it deems to be a cloud on its title.

In the motions for summary judgment, the defendants each posit numerous reasons why plaintiff is not entitled to any relief. The court finds the statute of limitations bars relief, however, and therefore will address only that issue, assuming for purposes of that argument that the right of first refusal applies to the transaction at issue.[1]

To fully explain its reasoning, the court must begin with what might otherwise seem to be "ancient history," but which, in the world of gas rights contests, is actually relatively recent. In 1966, the subject right of first refusal (hereinafter "ROFR") was created by several companies which, at that time, had interests in the subject oil and gas rights. In 1983, one Clarence Moore became owner of 100% of those oil and gas rights. At that time, Mr. Moore was represented by Kenneth Yates, Esquire. In 1984, Mr. Moore transferred an undivided interest (the particular percentage is not entirely clear) in those rights to Mr. Yates, retaining the remaining interest. In 1992, Mr. Yates transferred his interest to a company of which he was the sole owner, Pennlyco, Ltd., plaintiff herein.

The contested transfer took place in August 2000, when the Moore Estate (Mr. Moore having died) entered an agreement with defendant IDC whereby eight properties (which included the property at issue here) were to be

---

1. Defendants argue, inter alia, that the right of first refusal did not apply to the contested transfer.

transferred to IDC in settlement of claims made by IDC against Moore.[2] The Moore Estate was represented by Mr. Yates. A deed to the property was recorded by IDC on November 26, 2007, and a real estate transfer tax statement of value filed with the deed listed the value of the property at issue here at $55,001. Once plaintiff became aware of this statement of value several years later, the instant suit was filed.

A suit to specifically enforce a right under a right of first refusal is subject to a five-year statute of limitations. 42 Pa.C.S. Section 5526. Thus, the offending transfer having taken place in August 2000, suit should have been brought by August 2005. The instant suit was filed on November 8, 2012. Plaintiff argues it is not time-barred, however, because although it was aware of the transfer,[3] it was not aware of the "price" until the deed was recorded in 2007.[4] Plaintiff claims the statute was tolled until that time.

The court finds applicable the following language from *Weik v. Brown*, 794 A.2d 907, 909 (Pa. Super. 2002), *quoting and/or citing Cappelli v. York Operating, Inc.*, 711 A.2d 481, 484-85 (Pa. Super. 1998):

> The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. It is the duty of the

---

2. The parties to that matter considered that the claims and the settlement were worth one million dollars. No value was placed on any particular property, however.

3. Plaintiff admits that since Mr. Yates helped draft the Moore-IDC settlement agreement, he was aware of the transfer, and that Pennlyco was thus also aware of the transfer.

4. Apparently, plaintiff concedes that recording of the deed served as constructive notice of the statement of value.

party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period.

The limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.

The party invoking the discovery rule has the burden of proving that it applies. *Id.* In order to establish his entitlement to its application, the party must establish that he acted with reasonable diligence in determining the fact of injury but was unable to ascertain it.

In the instant case, Mr. Yates testified in his deposition that in helping draft the settlement agreement between IDC and Moore, he was under the impression that the property was being transferred in consideration of $550,000, that the option price would thus be $550,000, and that he (as Pennlyco) had no interest in purchasing it for that price.[5] Pennlyco now argues that apparently it was mistaken, that the "price," as evidenced by the statement of value, was actually $55,001, and that since it did not know that until the deed was recorded, the statute was tolled until that time. There are two flaws in this argument. First, the statement of value may be evidence of value, but it is not definitive as to "price." IDC may be able to show that the property was indeed worth $550,000 at the time of transfer. Second, Pennlyco must establish that it acted with

---

5. *See* exhibit 13 of Southwestern's motion for summary judgment, Yates deposition at p. 98-99.

reasonable diligence in determining the price. As noted above, lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. Once Mr. Yates became aware of the intended transfer, he had a duty to investigate.

Pennlyco counters that it would have been futile to inquire as until the statement of value was filed, no price was established and thus Moore could not have provided an answer to that inquiry. This argument ignores the evidence that the statement of value was filed in order to satisfy the tax assessor and record the deed and was not IDC's estimate of the value.[6] There is no evidence to support Pennlyco's assertion that an inquiry would have been futile. And, there is no evidence that Pennlyco made any attempt whatsoever to verify that its understanding regarding the $550,000 value was or was not correct. In fact, as Mr. Yates was counsel for Mr. Moore, and helped draft the agreement, he had peculiar access to that information. Clearly, Pennlyco has failed to prove it exercised reasonable diligence in learning the facts necessary for it to have determined whether it had a cause of action for breach of the ROFR, and the five-year statute of limitations prevents Pennlyco's pursuit of the matter further.

## ORDER

And now, this 8th day of April 2014, for the foregoing reasons, Pennlyco's motions for summary judgment are hereby denied. The motions for summary judgment filed by IDC and Southwestern are hereby granted.

---

6. *See* deposition of C. David Rainey, p. 52, exhibit I to Pennlyco's motion for summary judgment.

Judgment in both above-captioned matters is hereby entered against plaintiff and, in No. 12 — 02,326, in favor of defendant International Development Corporation, and in No. 12 — 02,428, in favor of Defendant Southwestern Energy Production Company.