# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Sale of Real Estate by       :
Lackawanna Tax Claim Bureau   :

                                :

Judicial Tax Sale Property Situated  :
at 102-104 S. Main Avenue,      :
Scranton, PA 18504              :

                                :

Tax Map No. 145.18.040-050     :

                                :

Real Owner(s) Jean Calixte       :

                                :

HSBC Bank USA, N.A., as        :
Indentured Trustee for the Registered :
Holders of the Renaissance Home   :
Equity Loan Asset-Backed       :
Certificates, Series 2005-1      :

                                :

          v.            :   No. 2027 C.D. 2013

                                :

Lackawanna County-Tax Claim    :   Argued:  June 16, 2014
Bureau                        :

                                :

Christopher T. Tracy          :

                                :

Appeal of: HSBC Bank USA, N.A.,  :
as Indentured Trustee for the     :
Registered Holders of the        :
Renaissance Home Equity Loan    :
Asset-Backed Certificates,       :
Series 2005-1              :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  August 1, 2014**

HSBC Bank USA, N.A., as Indentured Trustee for the Registered Holders of the Renaissance Home Equity Loan Asset-Backed Certificates, Series 2005-1 (Bank), appeals from the Order of the Court of Common Pleas of Lackawanna County (trial court) denying Bank's Petition to Set Aside Tax Sale (Petition to Set Aside) of property located at 102-104 South Main Avenue, Scranton, Pennsylvania (Property), which was sold at judicial tax sale on February 27, 2012.  On appeal, Bank asserts that the judicial tax sale of the Property should be set aside and/or Bank's liens should not be discharged because the Lackawanna County Tax Claim Bureau (Bureau) did not comply with the service requirements of Section 611 of the Real Estate Tax Sale Law[1] (Law) and did not present the documents necessary to support the grant of its Petition to Sell the Property at judicial tax sale (Petition to Sell).  Discerning no error, we affirm.

On January 14, 2005, Jean Calixte obtained a mortgage in the amount of $131,440 from Delta Funding Corporation (Delta) for the Property.  The mortgage was evidenced by a Note and identified the Mortgage Registration Systems, Inc. (MERS) as Delta's mortgage nominee.  In December 2010, MERS assigned the mortgage to Bank.  The address Bank provided on the Assignment of Mortgage (Assignment) was "HSBC Bank USA, N.A. . . ., whose address is c/o Ocwen Loan Servicing, LLC [(Ocwen)], 1661 Worthington Road, Suite 100, West Palm Beach,

---

[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § 5860.611.

2

Florida, 33409" (Florida Address), and the assignee Cory Messer certified the address. (Assignment, R.R. at 50a-51a.) The Florida Address was the only address for Bank provided to the Bureau. (Trial Ct. Op. at 2.) No taxes were paid on the Property, and the Bureau exposed the Property to public sale. (Trial Ct. Op. at 3.) The Bureau held an upset tax sale, but no bids were made that would pay the upset price. (Trial Ct. Op. at 3.) After a records search on December 9, 2011, the Bureau identified Bank as the Property's mortgage holder, with the Florida Address as Bank's address. (Trial Ct. Op. at 3.) Thereafter, the Bureau filed its Petition to Sell with the trial court. (Trial Ct. Op. at 3.)

The trial court issued a Rule to Show Cause (Rule) upon all the parties with interests in the Property as to why the Property should not be "sold free and clear of their respective tax and municipal claims, liens, mortgages, charges, estates and encumbrances." (Trial Ct. Op. at 3.) The Rule was filed with the Lackawanna County Clerk of Judicial Records on December 30, 2011. (Trial Ct. Op. at 3-4.) On January 5, 2012, the Lackawanna County Sheriff's Office (Sheriff) served the Rule on Bank[2] via certified mail, with the Sheriff's address as the return, at the Florida Address. (Trial Ct. Op. at 4; Sheriff's Return, R.R. at 186a.) Anthony Piamonte of Ocwen's legal department accepted and signed for the Rule on January 11, 2012. (Trial Ct. Op. at 4; Sheriff's Return, R.R. at 186a.) The sale was advertised and, following a hearing on the Rule at which Bank did not appear, the trial court issued an order authorizing the judicial sale of the Property free and

---

[2] A mortgagee has a legally protected property interest and "is entitled to notice reasonably calculated to apprise him of a pending tax sale." Mennonite Board of Missions v. Adams, 462 U.S. 791, 798 (1983); Petition of Tax Claim Bureau of Westmoreland County, 613 A.2d 634, 638 (Pa. Cmwlth. 1992).

3

clear.[3]  (Trial Ct. Op. at 4.)   The Property was sold at judicial tax sale to Christopher T. Tracy (Purchaser) on February 27, 2012.  (Trial Ct. Op. at 5.)  The Bureau sent Bank a check, in the amount of $17,499.47, to the Florida Address for Bank's portion of the proceeds from the judicial tax sale.  (Trial Ct. Op. at 5; Letter from County Commissioners to Bank (June 7, 2012), R.R. at 157a-58a.)  Purchaser received a Bureau Deed on May 18, 2012, and filed an action to quiet title on the Property.  (Trial Ct. Op. at 5.)

Bank filed its Petition to Set Aside on July 17, 2013 asserting, in pertinent part, that:  the Bureau did not properly serve the Rule on Bank because Bank had branches in Pennsylvania where it could have been personally served; the Bureau, not the Sheriff, prepared the certified mailing for service on Bank; and the Bureau did not file and present all the necessary documents with its Petition to Sell.  (Trial Ct. Op. at 5-6.)  Purchaser and the Bureau responded that the Petition to Set Aside was filed beyond the relevant statute of limitations period, the service on Bank at the Florida Address was in accordance with Section 611 of the Law, and the Bureau complied with the requirements of Section 610 of the Law, 72 P.S § 5860.610, pertaining to what documentation must be filed with the Petition to Sell. (Trial Ct. Op. at 6-7.)

After a hearing, the trial court concluded that Bank's Petition to Set Aside was filed after the six month statute of limitations set forth in Section 5522(b)(5) of

---

[3] After a hearing at which the trial court is satisfied that the Rule to Show Cause has been served on the parties named therein and the facts are correct, the trial court can decree that the property be sold at a future time free of all "tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents, separately taxed."  Section 612 of the Law, 72 P.S. § 5860.612.

the Judicial Code[4] had expired. Applying the discovery rule, the trial court concluded Bank should have reasonably discovered the judicial tax sale of the Property no later than June 5, 2012, the date Purchaser's deed for the Property was recorded in the County Recorder of Deed's office. (Trial Ct. Op. at 10.) Using June 5, 2012, the trial court held that the Petition to Set Aside had to be filed by December 6, 2012 to be timely, but it was not filed until July 17, 2013. (Trial Ct. Op. at 10.) Nevertheless, the trial court addressed Bank's substantive arguments.

The trial court held that the service of the Petition to Sell and Rule on Bank at the Florida Address complied with the service requirements of Section 611 of the Law because that was the address for Bank on the Assignment and, pursuant to Section 611, service on an out-of-state interest holder is to be effectuated by the Sheriff sending, by certified mail return receipt requested, the Rule to the interest holder. (Trial Ct. Op. at 11.) The trial court noted that, had the certified mail been returned as unclaimed or unaccepted, then the Bureau would have been obligated to engage in further research to locate Bank. (Trial Ct. Op. at 11-12.) The trial court also held that there was no error in the Bureau's attorney preparing the materials for the Sheriff to send to Bank because Section 611 does not require the Sheriff to *prepare* the Rule for mailing; it only requires that the Sheriff *serve* the Rule by certified mail. (Trial Ct. Op. at 13.) The trial court next concluded that the Bureau's documentation regarding its title search of the Property satisfied

---

[4] 42 Pa. C.S. § 5522(b)(5). This section states "[a]n action or proceeding to set aside a judicial sale of property" "must be commenced within six months" of when the action accrued. Id.

5

Section 610 of the Law because it contained the information required by that section. (Trial Ct. Op. at 14.) Bank's appeal is now before this Court.[5]

Purchaser and Bureau argue, as they did before the trial court, that Bank's Petition to Set Aside is untimely because it was not filed within the six month statute of limitations period set forth in Section 5522(b)(5) of the Judicial Code, 42 Pa. C.S. § 5522(b)(5). The Bureau argues that the discovery rule,[6] which would extend the statute of limitations period, does not apply in this matter because Bank received notice of the judicial tax sale in accordance with Section 611 of the Law and, therefore, any petition to set aside had to be filed within six months of the February 27, 2012 sale. Bank asserts, *inter alia*, that its Petition to Set Aside was timely because the Rule was not served in accordance with Section 611 and it filed

---

[5] The appeal was filed with the Superior Court and was then transferred to this Court. "Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." Plank v. Monroe County Tax Claim Bureau, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999). The trial court is the finder of fact and "has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented." In re: Sale of Real Estate by Lackawanna Tax Claim Bureau (Appeal of Yankowski), 986 A.2d 213, 216 (Pa. Cmwlth. 2009).

[6] A statute of "limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." Weik v. Estate of Margaret D. Brown, 794 A.2d 907, 909 (Pa. Super. 2002) (citation omitted). "The discovery rule is an exception to the statute which provides that 'the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.'" Constantino v. Carbon County Tax Claim Bureau, 895 A.2d 72, 74-75 (Pa. Cmwlth. 2006) (quoting Fine v Checcio, 870 A.2d 850, 859 (Pa. 2005)). The party invoking the discovery rule has the burden of proving its applicability. Weik, 794 A.2d at 909. To meet this burden, "the party must establish that he acted with reasonable diligence in determining the fact of the injury but was unable to ascertain it." Id.

6

the Petition to Set Aside within six months of when it discovered the sale of the Property. Alternatively, Bank argues that the six month limitations period does not apply to its request that its mortgage interest be reinstated, which is independent of its claim that the judicial tax sale be set aside. In order to determine whether the discovery rule applies to extend the statute of limitations, we must first determine whether the Petition to Sell was properly served on Bank.

Bank argues that the Bureau did not comply with Section 611 when serving the Petition to Sell and, therefore, the judicial tax sale of the Property should be set aside or Bank's lien should be reinstated. There is no question that Bank, as a mortgagee, has a legally protected interest in the Property and was "entitled to notice *reasonably* calculated to apprise" it of the upcoming judicial tax sale of the Property. Mennonite Board of Missions v. Adams, 462 U.S. 791, 798 (1983) (emphasis added); Petition of Tax Claim Bureau of Westmoreland County, 613 A.2d 634, 638 (Pa. Cmwlth. 1992). Section 611 of the Law governs service of the Rule and states

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

7

72 P.S. § 5860.611. The notice requirements for judicial tax sales are less onerous than those for upset tax sales, In re Serfass, 651 A.2d 677, 679 (Pa. Cmwlth. 1994); however, they must be strictly construed, Manufacturers and Traders Trust Co. v. Luzerne County Tax Claim Bureau, 56 A.3d 36, 39 (Pa. Cmwlth. 2012) (M&T Trust). "Service of the rule to show cause is the final required notice to be served on [a lienholder] prior to the [j]udicial [s]ale," and there is no requirement under the Law that lienholders or landowners receive actual notice of the judicial tax sale. In re Sale of Real Estate Northampton County Tax Claim Bureau, 874 A.2d 697, 698, 701 (Pa. Cmwlth. 2005). Although a judicial tax sale purchaser takes title to the property free and clear of all mortgages and liens, 72 P.S. § 5860.612, if a mortgagee does not receive adequate notice of the judicial tax sale, which is the notice of the rule to show cause that is served pursuant to Section 611 of the Law, the lien is not discharged and the purchaser at the judicial sale takes the property subject to the lien, Plank v. Monroe County Tax Claim Bureau, 735 A.2d 178, 182 n.10 (Pa. Cmwlth. 1999). The tax claim bureau bears the burden of proving that it complied with the statutory notice requirements. In re: Sale of Real Estate by Lackawanna Tax Claim Bureau (Appeal of Yankowski), 986 A.2d 213, 216 (Pa. Cmwlth. 2009).

To accomplish this notice, a tax claim bureau has "to use ordinary common sense business practices in ascertaining the proper addresses to which [the Rule] must be sent." Krumbine v. Lebanon County Tax Claim Bureau, 621 A.2d 1139, 1141 (Pa. Cmwlth. 1993). This Court discussed what address a tax claim bureau should use to provide notice of the rule to a similar lienholder in M&T Trust. In that case, the lienholder filed a petition to set aside a judicial tax sale because the

8

rule to show cause sent by the tax claim bureau was *not* sent to the complete address listed on the lien documents for the lienholder. M&T Trust, 56 A.3d at 37. A representative from the tax claim bureau testified that the recorded mortgage documents set forth the lienholder's address as "One M&T Plaza, Buffalo, New York" and included the appellation "Attn: General Counsel's Office"; however, the tax claim bureau did not include the appellation "Attn: General Counsel's Office" with the rest of the address it provided to the sheriff for the purpose of serving the lienholder. Id. at 38. We observed that the "One M&T Plaza building in Buffalo, New York, has twenty-one stories and is ninety-eight percent occupied by" the lienholder. Id. at 38 n.6. The trial court dismissed the petition to set aside, concluding that the tax claim bureau had satisfied the requirements of Section 611. Id. at 38. The lienholder appealed to this Court, arguing that the trial court's conclusion was erroneous, and we agreed. Id. at 39. This Court held that Section 611 "requires that notice must be sent to a lienholder's 'last known post office address,'" and that the lienholder's last known address was provided in the recorded lien documents. Id. at 39 (quoting 72 P.S. § 5860.611). We explained that the tax claim "[b]ureau . . . did not use the [lienholder's] full, correct address when notifying the [lienholder]" and that the failure "to use the [lienholder's] full address as listed in the lien documents" rendered the service of notice on the lienholder contrary to Section 611 of the Law. M&T Trust, 56 A.3d at 39-40.

In the case at bar, the Bureau did use the address on the lien documents, which was the Florida Address. However, nonetheless, Bank first argues that the service of the Rule did not conform to Section 611 of the Law because the Bureau should have searched for a branch of Bank *anywhere* in Pennsylvania at which the

Rule could have been personally served and, had it done so, the Bureau would have found two branches in Philadelphia County. What Bank appears to argue is that the Bureau should have hand delivered, via a deputized sheriff, the Rule to a branch of Bank *somewhere*, *anywhere*, in Pennsylvania rather than send the Rule, via certified mail return receipt requested, to the specific, certified address identified as Bank's address on the recorded Assignment, which established Bank's legal interest in the Property. We are unpersuaded that the Law requires such searches, particularly where, as here, the certified mail return receipt was signed and returned to the Bureau.

Bank's argument is the converse to the one made by the lienholder in In re Monroe County Tax Claim Bureau, 91 A.3d 265 (Pa. Cmwlth. 2014). In that case, the tax claim bureau had the rule to show cause personally served on the lienholder at the address contained in the mortgage documents, which was a branch of the lienholder located in Pennsylvania, and the rule to show cause was signed for by a branch supervisor. Id. at 268. The lienholder argued that service was improper because the tax claim bureau should have taken "reasonable steps to discover [the lienholder's] corporate address," which was out-of-state, and served the rule to show cause there and not on the Pennsylvania branch listed in the lien documents. Id. at 270. We rejected the lienholder's argument that service on the Pennsylvania branch was unreasonable, concluding that this was the address listed on, *inter alia*, the lien documents as the lienholder's address and that the tax claim bureau could reasonably conclude that that address was the correct address for the lienholder. Id. at 271.

10

Bank's argument, in essence, would place the burden on tax claim bureaus to determine when an address listed for a lienholder in the recorded lien documents for a property is not the address the lienholder prefers for the service of legal notices such that it should then search for another, better address, at which to serve the lienholder. According to Bank, even where, as here, the Rule was not sent back as unclaimed, service was not refused, or other circumstances raised doubt that the Rule had been received by Bank, in which case the Bureau would have been obligated to take additional, reasonable steps to discover Bank's whereabouts,[7] the Bureau nonetheless should have known to look for and use a different address. However, this result is not required by the Law or supported by our holding in M&T Trust that tax claim bureaus should use the full addresses contained in the lien documents to effectuate service under Section 611 of the Law. After all, the lienholder can determine which address to place in a property's recorded lien documents for service of legal documents and develop any additional internal processes necessary to direct the documents, once delivered, to the appropriate personnel.

In the present matter, the Assignment provided the following address for Bank: "HSBC Bank USA, N.A. . . ., *whose address is* c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409." (Assignment, R.R. at 50a (emphasis added).) Because this address was outside of Pennsylvania, Section 611 required the Bureau to have the Sheriff serve the Rule

---

[7] Section 607.1(a) of the Law, added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a(a); In re Sale No. 10, 801 A.2d 1280, 1288 (Pa. Cmwlth. 2002).

via certified mail return receipt requested. 72 P.S. § 5860.611. It is undisputed that this is the address to which the Sheriff sent the Rule via certified mail and that Ocwen employee Mr. Piamonte signed for and accepted the Rule on Bank's behalf. Bank acknowledges having a relationship with Ocwen regarding the Property. Having sent the Rule "to [the] lienholder's 'last known post office address' . . . listed in the lien documents," the Bureau's service was not contrary to Law. M&T Trust, 56 A.3d at 39-40. Furthermore, because service of the Rule via certified mail was successful, there was no need for the Bureau to attempt to find an alternate address at which to serve Bank. See In re Monroe County Tax Claim Bureau, 91 A.3d at 270 (noting that the additional search requirements of Section 607.1(a) of the Law are mandatory when there is an *unsuccessful* attempt to serve a person with interest in a property with notice of a upset or judicial tax sale).

Bank also relies on Sections 39.1 and 39.2(a) of the Pennsylvania Municipal Claims and Tax Lien Act[8] (Municipal Claims Act) (indicating that a city of the first class may mail a rule to show cause to the address in the mortgage document on record only if the lienholder has not registered an address for service) to argue that service on Bank at the Florida Address did not comply with Section 611 of the Law. Bank asserts that, pursuant to these provisions, the General Assembly knew how to expressly authorize service using the address on a lien document and did not expressly authorize such service in the Law.

---

[8] Act of May 16, 1923, added by Section 4 of the Act of December 14, 1992, P.L. 850, 53 P.S. §§ 7193.1-7193.2.

We find Bank's argument unconvincing. The registration provisions of the Municipal Claims Act cited applies only to first class cities, and the Law contains no similar registration requirement. Accordingly, there would be no need to look for a registered address in this case and it was appropriate to rely on the lien documents for Bank's address. M&T Trust, 56 A.3d at 39-40. In fact, relying on the lien documents discovered through a title search or, as here, provided to the Bureau via the Assignment, to discover the address of the lienholder is how service is accomplished for other taxing entities' rules to show cause under the Municipal Claims Act. Section 39.2(a.1) of the Municipal Claims Act, 53 P.S. § 7193.2(a.1).

Bank next asserts that service of the Rule was defective because the *Sheriff* did not prepare and serve the Rule as required by Section 611, citing the Bureau Deputy Director's testimony that the Bureau's attorney prepared the Rule for the Sheriff, (Koldjeski Dep. at 42-43, R.R. at 116a-17a). However, the record shows that the Rule was mailed, certified mail return receipt requested, by the Sheriff. Section 611 of the Law states that the rule "shall be served on the person named in the rule by the sheriff, by sending . . . by registered mail, return receipt requested, . . . a true and attested copy [of the rule], addressed to such person's last known post office address" and to attach a return that includes return receipts. 72 P.S. § 5680.611. As noted by the trial court, Section 611 does not require the Sheriff to prepare the Rule, that section requires the Sheriff to send the Rule, which was done here. Accordingly, this is not a reason to hold that the Bureau's service of the Rule was defective.

13

For these reasons, we conclude that the Bureau's use of the address for Bank contained in the Assignment was "reasonably calculated to apprise" Bank of the sale of the Property, <u>Mennonite Board of Missions</u>, 462 U.S. at 798, and that the Bureau used "ordinary common sense business practices," <u>Krumbine</u>, 621 A.2d at 1141, in providing that address to the Sheriff to effectuate service of the Rule. Therefore, the trial court did not err in holding that the Bureau's service of the Rule on Bank at the Florida Address complied with Section 611 of the Law.

We now return to the issue of whether Bank's Petition to Set Aside is barred by the six month statute of limitations set forth in Section 5522(b)(5) of the Judicial Code. Because we conclude that the Bureau served Bank with the Rule in accordance with Section 611 of the Law and that is all the notice required by the Law, <u>In re Sale of Real Estate Northampton County Tax Claim Bureau,</u> 874 A.2d at 698, 701, the discovery rule does not apply to toll the six month statute of limitation period.[9] Accordingly, Bank had six months from February 27, 2012, the

---

[9] Although we conclude that the discovery rule does not apply here, we will address Bank's lengthy argument that the trial court erred in holding that the six month statute of limitation period began, at the latest, on June 5, 2012, the date Purchaser's deed for the Property was recorded in the County Recorder of Deed's office because, pursuant to <u>Allison v. Chesapeake Energy Corporation</u>, 2013 WL 787257 (W.D. Pa. January 29, 2013) at *10 (emphasis added), relying on such conduct "has some superficial appeal, it evaporates *under the actual circumstances and scheme alleged*" and that, because the plaintiffs in that case had no reason to conduct a title search, the fact that the documents had been recorded did not provide the plaintiffs sufficient notice to trigger the statute of limitations. However, while <u>Allison</u> criticizes relying on the recording of a deed to provide notice, it did so under the unique circumstances of that case, which involved allegations of fraudulent concealment and affirmative representations to the plaintiffs that they would receive notice prior to the recording of the deed. <u>Id.</u> at *9-10. Such circumstances are not present here. Pennsylvania courts have long held that the primary object of recording acts for deeds is to give the public notice of the title holder of property. <u>Clancy v. Recker</u>, 316 A.2d 898, 902 (Pa. 1974); <u>Salter v. Reed</u>, 1850 WL 5989 *4 (Pa. 1850); <u>Weik v. Estate of Margaret D. Brown</u>, 794 A.2d 907, 910 (Pa. Super. 2002); <u>Mancine</u>

*(Continued…)*

date of the tax sale, to file its Petition to Set Aside. Bank filed the Petition to Set Aside on July 17, 2013, well after the expiration of the six month statute of limitations period.

Bank also asserts that it is not bound by the six month statute of limitations because it included in its Petition to Set Aside a request to have its mortgage lien reinstated, and that request is distinct from requesting that the judicial tax sale be set aside. First, it is important to note that Bank included its request to have its mortgage lien reinstated in a single paragraph in its "Petition to Set Aside Judicial Tax Sale," and Section 5522(b)(5) expressly provides a six month statute of limitations for "[a]n action or proceeding to set aside a judicial sale of property." 42 Pa. C.S. § 5522(b)(5). Bank's request to reinstate its mortgage lien cannot be made in a vacuum: there must be legal rationale to support reinstating a mortgage that was otherwise discharged by a judicial sale. Bank's legal rationale to support the discharge in this case is that the judicial sale was not held in accordance with the Law. However, because we have determined that there was no infirmity with regard to the notice provided or any other requirements of the Law, there is no legal basis for reinstatement of the mortgage lien. Therefore, this relief is unavailable.[10]

_____

v. Concord-Liberty Savings and Loan Association, 445 A.2d 744-746 (Pa. Super. 1982). The recording of the deed provides notice to the public of the transfer of the title and, absent fraud or active concealment, constitutes constructive notice of that transfer to those with an interest in the property. Weik, 794 A.2d at 911.

[10] Bank also argues that the judicial sale of the Property should be set aside, or its lien reinstated, because the Bureau did not present the documents necessary under Section 610 of the Law to support its Petition to Sell, citing the Bureau Deputy Director's testimony that he was unaware of whether the Bureau presented and filed the actual property search for the Property

*(Continued…)*

Accordingly, the trial court's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

Judge Leadbetter did not participate in the decision in this case.

_____

with the Petition to Sell, (Koldjeski Dep. at 47-48, R.R. at 121a-22a).  Although it is unnecessary to resolve this issue because of our disposition, we note that our review of the documentation the Bureau presented with its Petition to Sell reveals that it contains all of the information required by Section 610 of the Law.  Thus, the trial court did not err in holding that the Bureau's Petition to Sell complied with Section 610 of the Law.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Sale of Real Estate by Lackawanna Tax Claim Bureau | : |
| | : |
| Judicial Tax Sale Property Situated at 102-104 S. Main Avenue, Scranton, PA 18504 | : |
| | : |
| Tax Map No. 145.18.040-050 | : |
| | : |
| Real Owner(s) Jean Calixte | : |
| | : |
| HSBC Bank USA, N.A., as Indentured Trustee for the Registered Holders of the Renaissance Home Equity Loan Asset-Backed Certificates, Series 2005-1 | : |
| | : |
| v. | : No. 2027 C.D. 2013 |
| | : |
| Lackawanna County-Tax Claim Bureau | : |
| | : |
| Christopher T. Tracy | : |
| | : |
| Appeal of: HSBC Bank USA, N.A., as Indentured Trustee for the Registered Holders of the Renaissance Home Equity Loan Asset-Backed Certificates, Series 2005-1 | : |

# **O R D E R**

NOW, August 1, 2014, the Order of the Court of Common Pleas of Lackawanna County is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**