**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3284
_____


ROBERT A. LEWICKI; JOSEPH A. LEWICKI,
Appellants

v.

WASHINGTON COUNTY, PENNSYLVANIA; WASHINGTON COUNTY TAX
CLAIM BUREAU; TREASURER OF WASHINGTON COUNTY;
P.S. HYSONG; THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-00547)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2011

Before:   SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed:  June 21, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

This is an appeal from a July 8, 2010, decision by the United States District Court for the Western District of Pennsylvania denying Appellants' Motion for Reconsideration. Appellants sought reconsideration of the District Court's June 1, 2010, dismissal of their case on statute of limitations grounds. Although the District Court erred in denying the motion for reconsideration because it improperly computed the deadline for filing such a motion, we will nonetheless affirm the District Court's judgment because this action is clearly barred by the statute of limitations.

I.

As we write only for the parties, who are familiar with the facts and procedural history of the case, we will set forth only those facts necessary to our analysis. Appellants, Robert A. Lewicki ("Robert") and Joseph W. Lewicki, Jr. ("Joseph"), are two brothers who owned property in Washington County, Pennsylvania, which came to them from their parents. The property became subject to numerous bills for back taxes, and, in July 2000, Washington County sent notices of a tax sale by certified mail to the Lewickis at the address of the property. Robert Lewicki signed the notice on behalf of both brothers. Because the taxes were not paid, the property was posted, the sale was advertised in three local newspapers, and the property was sold to P. S. Hysong on September 19, 2000. Although a post-sale notice, requesting filing of any objections, was mailed to the Lewickis at the property address, the Lewickis took no action to redeem the property. The property was conveyed by deed to Hysong on January 29, 2001.

2

When Hysong filed an action to quiet title in March of 2001, Appellants responded that they were unaware of the tax sale until March 11, 2001, when the recordation of the deed was published. They asserted that the premises had not been properly posted and that they did not receive notice of the sale or their right to object, arguing that Robert was of diminished mental capacity and that notice should have been mailed to Joseph's residence.

The Washington County Court of Common Pleas found the tax sale valid. The court found that the property had been subject to back taxes beginning in 1993, and that Joseph made partial payments over the years to prevent it from going into a tax sale. In March, 2000, the Tax Bureau sent "courtesy letters" to both brothers reminding them to pay their 1999 taxes. At around the same time, Joseph visited the Tax Bureau to pay taxes on other properties, and was orally informed that the subject property was scheduled to be sold for unpaid taxes on September 19, 2000. Joseph then went home and discussed the matter with his brother, and Robert assured Joseph that he would pay the taxes. The court found that the notices were properly sent to the property address, that the property was properly posted, that Robert understood the consequences of failing to pay the taxes, that the brothers deliberately refused to accept personal service at home, and that Joseph, in fact, had actual notice of the sale because of his encounter at the Tax Bureau.

Appellants then appealed to the Commonwealth Court, but their appeal was quashed for failure to preserve any issues for appellate review by not filing post-trial motions. The Commonwealth Court denied their application for rehearing *en banc*, and

3

the Pennsylvania Supreme Court denied their petition for allowance of appeal on December 28, 2007.

In April, 2010, Appellants filed an action in the U.S. District Court for the Western District of Pennsylvania, alleging that the tax sale violated their constitutional rights and was actionable under 42 U.S.C. § 1983. After issuing an Order to Show Cause Why Complaint Should Not Be Dismissed, to which Appellants timely responded, the District Court dismissed the action on June 1, 2010, finding that Appellants' claim was time-barred. Appellants filed a "Motion for Reconsideration Pursuant to F.R.C.P. 59 and 60" on June 28, 2010. The District Court found that Appellants' motion exceeded the ten-day window for the filing of such motions under Fed. R. Civ. P. 59(e), and treated it as a Rule 60 motion. The District Court further concluded that Appellants' motion did not warrant relief under Rule 60. This appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint. *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 451 (3d Cir. 2006).

Appellants first argue that the District Court erred because it incorrectly computed the timeline for the filing of their Rule 59(e) motion for reconsideration. We agree. Rule 59 of the Federal Rules of Civil Procedure, as amended, provides that motions for a new trial or to alter or amend a judgment must be filed "no later than 28 days after the entry of

4

judgment." Fed. R. Civ. P. 59(b), (e). The District Court applied the ten-day period of limitation which was in effect before December 1, 2009, and this was error.

The error was harmless, however, because, as the District Court correctly noted, the action was clearly barred by the statute of limitations. Claims brought pursuant to 42 U.S.C. § 1983 are governed by the general or residual statute of limitations for personal injury actions applicable in the state where the complained-of conduct occurred. *Owens v. Okure*, 488 U.S. 235, 250 (1989). Accordingly, we apply Pennsylvania's general statute of limitations for personal injury, which is two years. 42 Pa. Cons. Stat. § 5524. *See McGovern v. City of Phila.*, 554 F.3d 114, 115 n.2 (3d Cir. 2009) (noting that § 1983 claims in Pennsylvania are governed by two-year statute of limitations); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (finding same).

Pennsylvania recognizes the "discovery rule," which provides that "where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 276 (Pa. Super. Ct. 2005), *appeal denied*, 891 A.2d 729 (Pa. 2005). Here, Appellants admit that they discovered that their property was sold in "late March or early April 2001 when they were served with a copy of the Quiet Title Action." (Appellants' Br. at 19.)

Accordingly, the statute of limitations on their § 1983 claim expired no later than late March or early April of 2003.[1]

Appellants argue that the statute of limitations should not be applied in this case because newly discovered, fraudulently concealed evidence exists which should toll the running of the statute. Equitable tolling of the statute of limitations is appropriate when a plaintiff has been induced "to relax vigilance or deviate from the right of inquiry" by reason of the defendant's fraud or concealment of material facts. *See Urland v. Merrell-Dow Pharms., Inc.,* 822 F.2d 1268, 1271 (3d Cir. 1987); *Wood v. Carpenter*, 101 U.S. 135, 143 (1879); *Bailey v. Glover*, 88 U.S. (21 Wall.) 342 (1874).

Appellants argue that tolling is appropriate in light of the discovery of two material pieces of evidence. The first piece of evidence is a certified mailing from the Washington County Tax Claim Bureau to Appellants at the property address, which was returned on June 18, 2000, after two unsuccessful attempts to deliver it had been made.[2] Appellants claim that this evidence demonstrates that, as early as June 2000, Appellees were aware that Joseph was not living on the farm property and therefore had an affirmative duty to notify him by other means. The second piece of evidence is a Notice of Proposed Termination of a Condemnation Proceeding, which was mailed to Appellants at their respective home addresses on December 7, 2009. They argue that this

---

[1] Appellants assert, without citation to any controlling authority, that their action should be governed by the Pennsylvania six-year statute of limitations set forth in 42 Pa. Cons. Stat. § 5527. Even if that were the case, this action would still be untimely by approximately three years.

[2] Robert discovered this letter on the floor of the courtroom during a hearing in February, 2006, and, allegedly because of his diminished mental capacity, placed it in his pocket. He did not reveal its existence until August, 2009.

Condemnation Proceeding was completely unknown to them but, upon research, they discovered that it had been initiated as early as 1993 and that a docket search revealed that Washington County was aware of their respective home addresses as of that date.

Contrary to the Lewickis' assertion, this evidence does not support an inference that Appellees engaged in any "trick or contrivance," *Wood*, 101 U.S. at 143, to mislead Appellants. "Concealment by mere silence is not enough." *Id.* These pieces of evidence, moreover, do not change the fact that Joseph received actual notice of the tax sale as early as March, 2000. Accordingly, we find that it would be inappropriate to toll the running of the statute of limitations in this case.

Moreover, the arguments advanced by Appellants in their Motion for Reconsideration are unavailing. Appellants sought reconsideration of the District Court's dismissal of their complaint, arguing that the Order dismissing the complaint was void. They stated four reasons why the judgment was void: (1) because they were denied their right to due process when they were denied notice of the tax sale, (2) because Appellees concealed crucial evidence, (3) because notice of the tax sale was constitutionally defective, and (4) because the Pennsylvania tax redemption system is constitutionally defective. The first three arguments fail in light of the Common Pleas Court's ruling, which found that "there is no dispute that the Defendants knew of the tax sale, understood its consequences, mailed notice was received by at least one of the two property owners, and the notice was properly published, this constitutes actual notice of the tax sale, and

this notice validates the tax sale to the [Appellants].[3]  (A. 168-177.)  Appellants' fourth argument, that Pennsylvania's tax redemption scheme is unconstitutional, does not support a finding that the District Court's judgment dismissing the case on statute of limitations grounds is somehow "void."  To hold otherwise would be to acknowledge that the effect of the statute of limitations is nullified whenever any constitutional attack, no matter how untimely, is brought.  This is clearly not so.  *See, e.g., Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) (finding claims challenging the constitutionality of an arrest barred by statute of limitations); *Smith v. City of Pittsburgh*, 764 F.2d 188, 195 (3d Cir. 1985) (discussing statute of limitations for claim of unconstitutional termination of employment).  Accordingly, we do not find that the District Court's Order is void. Reconsideration on this ground was therefore inappropriate.

"We may affirm the District Court on any ground supported by the record." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Although the District Court erroneously denied Appellants' motion for reconsideration based on an improper calculation of the relevant filing period, after a careful review, we find that Appellants did not present any ground on which to grant the motion.  Furthermore, we agree with the District Court that this action is barred by the statute of limitations.[4]

---

[3] Appellants cite to *United States v. One Toshiba Color Television*, 213 F.3d 147 (3d Cir. 2000), where we held that when notice of a forfeiture proceeding is constitutionally inadequate, the doctrine of laches cannot be used to bar an action for recovery.  Here, however, there was actual notice, rendering *One Toshiba Color Television* distinguishable on its facts.

[4] Thus, we need not consider the merits of Appellants' claims that the Pennsylvania tax redemption laws are unconstitutional, nor whether *res judicata* and collateral estoppel act to bar Appellants' claims because they were previously litigated in state court.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.