IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorian E. Pfeifer, Susan D. Payne,   :
Diane Torockio, Richard R. Dailey,   :
Susan M. Peterman, Deborah R. Miller,  :
and Linda Blackburn Scott, Ruth Ellen  :
Gallagher, and Judith A. Gallagher   :
                Appellants   :
  :
  :
            v.   :
  :
  :
Westmoreland County Tax Claim   :
Bureau, BP Mineral Holdings III, LLC;  :
Somerset Minerals, LP;   :   No. 1346 C.D. 2014
BRC Appalachian Minerals I, LLC   :   Argued: April 13, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY               FILED: September 1, 2015

       Dorian E. Pfeifer, Susan D. Payne, Diane Torockio, Richard R. Dailey, Susan M. Peterman, Deborah R. Miller, Linda Blackburn Scott, Ruth Ellen Gallagher, and Judith A. Gallagher (collectively Appellants), appeal from the Order of Court entered by the Court of Common Pleas of Westmoreland County (common pleas court) that granted Westmoreland County Tax Claim Bureau; BP Mineral Holdings III, LLC; Somerset Minerals, LP; BRC Appalachian Minerals I, LLC (collectively Appellees) Cross-Motion for Summary Judgment and dismissing the Complaint.

       At issue in the matter are the oil and gas rights (Gas Rights) underlying a tract of land, containing approximately 267 acres, in Cook Township, Westmoreland County, Pennsylvania, which were previously owned by Lewis and

Lucinda Thompson husband and wife (Thompsons).  The Thompsons, severed the subterranean Gas Rights from the corresponding surface land, by deed dated May 28, 1902, when they sold the surface land in issue to George E. Hoffer (Hoffer).[1] Between 1925 and 2010, Appellants inherited the Gas Rights originating from the Thompsons, and contained under the Hoffer tract of land, from their respective predecessors in interest.

Due to the non-payment of taxes on the Gas Rights[2], the Westmoreland County Tax Claim Bureau (Tax Claim Bureau), conducted an upset tax sale (Tax Sale) on December 10, 1990.  At that Tax Sale, the  Appellees purchased the Gas Rights.  The deed for the Tax Sale was recorded on December 26, 1990.

Subsequent to the Tax Sale, Appellants learned that they owned the Gas Rights when persons interested in leasing or purchasing those Gas Rights contacted Appellants in 2011 and 2012.  In February 2013, Appellants learned that the Gas Rights were sold at the Tax Sale in 1990 for delinquent taxes.

---

[1]    The Thompsons excepted and reserved the Gas Rights to themselves, and to their heirs and assigns, together with the right to drill for, produce and transport the same, from the operation of their deed to George E. Hoffer and recorded in the Office of the Recorder of Deeds for Westmoreland County at Deed Book Volume 334, page 178.

[2]    The record does not indicate how many years that the Appellants or their predecessors in interest did not pay taxes prior to the Tax Sale.  Furthermore, in 2002, after the Pennsylvania Supreme Court's holding in Independent Oil & Gas v. Fayette County Board of Assessment Appeals, 814 A.2d 180 (Pa. 2002), the Gas Rights on this tract of land and other properties in Pennsylvania were no longer assessed with the real estate tax under the Pennsylvania General County Assessment Law,  Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–101 - 5020–602.

Consequently, Appellants filed a Complaint in the nature of exceptions *nunc pro tunc* to the Tax Sale as well as a Motion for Summary Judgment against Appellees. On March 27, 2013, Appellees filed a Cross-Motion for Summary Judgment and requested dismissal of the Complaint.

Appellants asserted that the Tax Claim Bureau did not provide them with proper notice pursuant to Section 602 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L., 1368, *as amended*, 72 P.S. § 5860.602. Second Amended Complaint in Equity in the Nature of Exceptions Nunc Pro Tunc to the Tax Sale of Oil and Gas Rights, filed July 19, 2013, Paragraph No. 23; Appellants' Motion for Summary Judgment filed December 30, 2013, Paragraph Nos. 1, 9-14; and Reproduced Record (R.R.) at 11-12; 17-24. Appellants also objected to the Tax Sale because the statute of limitations and the doctrine of laches were tolled. Appellants' Response to Cross-Motion for Summary Judgment, filed March 7, 2014, at 4-7; R.R. at 20-21.

Appellees averred that the Tax Claim Bureau provided proper notice of the Tax Sale and that Appellants' claims were time barred pursuant to both the statute of limitations and the doctrine of laches. Appellees' Cross-Motion for Summary Judgment, filed January 31, 2014; R.R. at 120-131.

By Order dated April 29, 2014, the common pleas court granted Appellees' Cross-Motion for Summary Judgment and dismissed Appellants' Motion for Summary Judgment and Second Amended Complaint on the bases of the statute of limitations and the doctrine of laches. Order of the Court of Common Pleas of Westmoreland County, Pennsylvania, filed April 29, 2014 (April 29, 2014 Order), at 2-5; R.R. at 178-182. The common pleas court specifically

3

denied Appellants' claim of equitable tolling of the statute of limitations; held that they had constructive notice of the conveyance to Appellees and that a delay arose from Appellants' failure to exercise due diligence, which resulted in prejudice to Appellees. April 29, 2014 Order at 3-4; R.R. at 180-181. The matter is now before this Court[3].

In the current controversy, a discussion of the statute of limitations and laches must be examined in conjunction with a discussion of notice. Section 5527(b) of the Judicial Code, 42 Pa. C.S. §5527(b), sets forth the statute of limitations applicable to an action to set aside a tax sale is six (6) years. Section 5527(b) of the Judicial Code states in pertinent part that "[a]ny civil action or proceeding … must be commenced within six years". Appellants herein assert that the six (6) year statute of limitations does not apply to the Tax Sale because they had no notice of the Tax Sale and consequently, were not able to defend against it.

This Court has previously held that a cause of action to set aside a tax sale on the basis of deficient notice accrued and the statute of limitations began to run on the date of the tax sale. Poffenberger v. Goldstein, 776 A.2d 1037 (Pa. Cmwlth. 2001). In Poffenberger, this Court found that a ten (10) acre portion of the twenty-three (23) acre tract of land at issue was improperly listed for tax sale because there were no delinquent taxes owing on the land and consequently, no basis for a tax sale on the non-delinquent portion of the property listed for and purchased at a tax sale. This Court reasoned that the recording of the deed for the ten (10) acre tract put the public on notice as to ownership and precluded the tax

---

[3] This Court's review is limited to determining whether the common pleas court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. Krumbine v. Lebanon County Tax Claim Bureau, 621 A.2d 1139 (Pa. Cmwlth. 1993).

sale purchaser from making a bona fide purchase. Consequently, absent notice to the public via recording of the tax sale deed, a tax sale is void. See Poffenberger 776 A.2d at 1042-43.

> In the case at bar, the common pleas court determined that:
>
> [T]here is a delay arising from [Appellants'] failure to exercise due diligence, and resulting prejudice to the [Appellees] from said delay. The tax sale at issue in this case occurred more than twenty-three [23] years ago, constituting significant delay…. [T]he recording of the tax sale deed placed [Appellants] on constructive notice of the loss of their alleged interest….

April 29, 2014 Order at 4; R.R. at 181.

This Court agrees. Recording the deed of the Tax Sale by Appellees put the public on notice of the sale. Weik v. Estate of Brown, 794 A.2d 907 (Pa. Super. 2002). See also Mancine v. Concord-Liberty Savings and Loan Ass'n., 445 A. 2d 744 (Pa. Super. 1982). (The primary object of recording acts for deeds is to give public notice of the title holder of property.) The passage of time and/or Appellants' constructive notice bars them from challenging any potential defects in the Tax Sale. See Wilson v. El-Daief, 964 A.2d 354, 368 (Pa. 2009) ("the core interest addressed by statutory limitations periods [is] that of defendants being free from stale clams") (citing Gustine Uniontown Associates, Ltd. v. Anthony Crane Rental, Inc., L.P., 842 A.2d 334 (Pa. 2004)).

The Tax Sale deed executed by the director of the Tax Claim Bureau and witnessed by the supervisor of the Tax Claim Bureau, recites:

> Advertisements required to be made by law were published in the Westmoreland Law Journal on July 27,

> 1990 and on August 6, 1990 in the Latrobe Bulletin, Valley Independent, Valley News Dispatch, Standard Observer, and Tribune Review, newspapers of general circulation in Westmoreland County. In addition to such publications, notices of sale were mailed by certified mail, return receipt requested, personal addressee only, to all of the assessed owners and owners at the time of the sale, and notice was further given by posting notice of the sale on the property in the manner as required by law, all such notices having been made at least ten (10) days before the date of the sale. Also, a notice was sent by certified mail to all persons whose property was sold as required by law, after the sale advising them that their properties had been sold. Further, the Trustee Grantor herein made a consolidated return to the Court of Common Pleas of Westmoreland County on October 5, 1990 at No. 439 of 1990 and the sale has been confirmed absolute by the Court aforesaid.

Westmoreland County, Pennsylvania Tax Claim Bureau Deed, page 364 (citations omitted); R.R. at 37.

The Tax Claim Bureau complied with Section 602(a) of the Act, 72 P.S. § 5860.602(a), which requires the Tax Claim Bureau to advertise notice of the scheduled sale in at least two (2) newspapers of general circulation in the county and the county's legal journal. As recited in the deed, the Tax Claim Bureau published the required notices "in the Westmoreland Law Journal on July 27, 1990 and on August 6, 1990 in, the Latrobe Bulletin, Valley Independent, Valley News Dispatch, Standard Observer, and Tribune Review, newspapers of general circulation in Westmoreland County." R.R. at 37.

Further, the Tax Claim Bureau complied with Section 308 of the Act, 72 P.S. §5860.308, which addresses notice of filing the return of a tax bill and the subsequent notice of entry of a claim of delinquency. The Tax Claim Bureau met

6

the burden of Section 308 of the Act by mailing, via United States Certified Mail, return receipt requested, postage prepaid, notice of the return of delinquent taxes to Ruth H. Blackburn, et. al, prior to July 31, 1990.

When the letter was not successfully delivered, the Tax Claim Bureau thereafter posted a notice of the sale on the relevant property, evidenced by the affidavit of Joseph Skrobacz, authorized Agent of the Tax Claim Bureau. Section 602(e)(3) of the Act requires posting on a property at least ten (10) days prior to a sale. Agent's Affidavit As Authorized Agent for Westmoreland County, Pennsylvania. R.R. at 152. The affidavit of posting thereby establishes that the Tax Claim Bureau also complied with Section 602(e)(3) of the Act.[4]

In Picknick v. Washington County Tax Claim Bureau, 936 A.2d 1209 (Pa. Cmwlth. 2007), and Thomas v. Montgomery County Tax Claim Bureau, 553 A.2d 1044 (Pa. Cmwlth. 1989), this Court addressed how a tax claim bureau demonstrates compliance with the notice requirements of the Act. Both Picknick and Thomas delved into the question of whether property sold at a tax sale had been properly posted. The bureaus in both Picknick and Thomas submitted an affidavit from the sheriff who posted the property. In Picknick, the finance and operations manager of the bureau testified regarding posting for a tax sale notice. In Thomas, testimony was elicited from its director regarding the bureau's standard

---

[4] The unchallenged Affidavit of Joseph Skrobacz is "conclusive evidence that notice was given as required by law." 72 P.S. § 5860.308(b). ("Notice given in the manner provided by this section shall constitute proper service on the owner. A statement in the claim entered that due notice of the same was given shall be conclusive evidence that notice was given as required by law."). See also, 47 P.L.E. Taxation §352 (2013) ("The affidavit of posting establishes the presumption that the premises subject to a tax sale was properly posted; if a challenger desires to rebut the presumption, he or she has the burden to go forward with contradictory evidence.")

procedures for posting a tax sale notice, which called for the notice to be placed where it would be easily visible to the owner or a passerby. In both instances, the common pleas courts held that the bureaus were entitled to a presumption of regularity of posting by virtue of its evidence.

The burden then shifted to Picknick and Thomas, the delinquent taxpayers, to rebut the presumption of regularity. Both failed to do so and the common pleas courts of Washington County and Montgomery County respectively confirmed the tax sales. This Court affirmed in both matters holding that "the trial court[s were] quite correct in finding, based upon the evidence before [them], that a presumption of regularity existed with respect to the posting requirement.... [T]he evidence of the affidavit gave rise to a presumption of posting." Picknick, 936 A.2d at 1212 citing Thomas, 553 A.2d at 1046. "[A] prima facie presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient. In tax sales it is particularly suitable." Picknick, 936 A.2d at 1213 citing Hughes v. Chaplin, 132 A.2d 200, 202 (Pa. 1957) (citations and internal quotations omitted).

In the case at bar, Appellants assert that the Tax Claim Bureau failed to exercise additional effort to notify the Appellants.[5] Testimony from the deposition of the current director from the Tax Claim Bureau demonstrates a lack of knowledge of what was in the Tax Claim Bureau's file and the incomplete nature of the Bureau's file, despite working for the Tax Claim Bureau in various positions for thirty-eight (38) years.[6] Notes of Testimony, Deposition of Yvonne

---

[5] Section 607(a) of the Act, 72 P.S. §5860.607(a).

[6] It is noted that the director of the Tax Claim Bureau, at the time of the Tax Sale, Gerald P. Wendling, is deceased.

8

Hayes, July 2, 2013 ("Deposition of Yvonne Hayes"), at 5-8, 29-36; R.R. at 63, 69-70. A "reasonable investigation" as required of a tax bureau in determining the whereabouts of a landowner for purposes of notifying the landowner of a pending tax sale, is one that uses ordinary common sense business practices to ascertain addresses. While this ordinary common sense standard must go beyond the mere ceremonial act of notice by certified mail, it does not require the equivalent of a title search. Fernandez v. Tax Claim Bureau of Northampton County, 925 A.2d 207 (Pa. Cmwlth. 2007). In the case at bar, despite a lack of knowledge on the part of its employee, the record shows that the Tax Claim Bureau went beyond the ceremonial act of notice by certified mail and exercised common sense. For these reasons, we find that the Tax Claim Bureau's notice requirements were satisfied in the case at bar.

This Court next turns to an examination of the running of time to determine if the statute of limitations and the doctrine of laches were tolled. In this matter, the Gas Rights were sold September 10, 1990, with the Tax Sale deed recorded December 26, 1990. This action was filed March 27, 2013, as noted by the court of common pleas, more than twenty-three (23) years after the Tax Sale. Section 5527(b) of the Judicial Code, 42 Pa.C.S. §5527(b), states in pertinent part that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." Furthermore, Section 5527(b) of the Judicial Code, 42 Pa. C.S. §5527(b), requires that an action to challenge a tax sale must be initiated within six (6) years, regardless of a lack of notice. Poffenberger; Lewicki v. Washington County, 431 Fed.Appx. 205 (W.D. Pa. 2010) cert. denied, ___ U.S. ___, 132 S. Ct. 796 (2011) rehearing denied, ___ U.S. ___, 132 S. Ct. 1137 (2012).

In Poffenberger, tax sales occurred in 1964 and thereafter on a portion of the same property in 1985. An action to quiet title was filed in 1997, well past the six (6) year statute of limitations within which to appeal the tax sales. This Court in Poffenberger found that the statute of limitations applied. Specifically, this Court held:

> It is clear that the time period in which to challenge the 1985 tax sale has run. In 1985, the statute of limitations applicable to an action to set aside a tax sale was the six year period of limitations found at 42 Pa.C.S. § 5527. As more than six years have passed since the 1985 sale, we conclude that the procedural regularity of that tax sale is beyond challenge. Similarly, whatever statute of limitations applied in 1964, it was long past by 1997. Therefore, [defendant] is correct that the common pleas court erred in invalidating both tax sales on the basis of deficiencies of notice.

Poffenberger, 776 A.2d at 1041-1042.

Further, the court in Weik, noted that Section 351 of Pennsylvania's Recording Act[7] "has been given effect beyond determining priority of title. *It has been interpreted to give notice to the Public of title transfer and the contents of a deed.*" Weik, 794 A.2d at 911. (Emphasis added.) In this matter, Appellants took twenty-three (23) years to bring their claim, clearly falling outside of the six (6) year statute of limitations.

Appellants' final assertion is that the running of time for purposes of the doctrine of laches was tolled. The doctrine of laches is an equitable bar to the

---

[7]    21 Pa. C.S. §351.

prosecution of stale claims and is the practical application of the maxim that those who sleep on their rights must awaken to the consequence that they have disappeared. Kern v. Kern, 892 A.2d 1 (Pa. Super. 2005).

> Laches, a doctrine focused on one side's inaction and the other's legitimate reliance, may bar long-dormant claims for equitable relief. In order to apply the doctrine to bar prosecution of a stale claim, the following elements must be demonstrated: (1) a delay arising from Appellants' failure to exercise due diligence; and (2) prejudice to the Appellees resulting from the delay. Unlike the application of the statute of limitations, exercise of the doctrine of laches does not depend on a mechanical passage of time. (Citations omitted.)

Kern, 892 A.2d at 9.

In the case at bar, Appellants did not file an action until twenty-three (23) years after the Tax Sale deed was recorded and the recording of the Tax Sale deed placed Appellants on notice of the sale of their interest in the Gas Rights. Their asserted failure to discover the loss was a result of their failure to exercise due diligence. Weik, 794 A.2d at 911. Further, Kern makes it clear that actual notice is not required for the doctrine of laches to apply. Kern, 892 A.2d at 9-10 ("The question of whether a party exercised 'due diligence' in pursuit of a claim is not what a party knows, but what the party may have known by the use of information within their reach"). (Citation omitted.) Appellants clearly could have availed themselves of knowledge of the tax sale through a simple, cursory search of any number of publicaly available documents at any time in the twenty-three (23) years prior to bringing the action.

11

Further:

> It is well-settled law that the doctrine of laches is applicable peculiarly where the difficulty of doing justice arises through the death of the principal participants in the transactions complained of, or of the witnesses or witnesses to the transactions, or by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible.

Kern, 892 A.2d at 10.

The case at bar is an apt example of the logistical difficulties that arise from a delayed challenge, particularly in this instance, of twenty-three (23) years. The record reflects that the director of the Tax Claim Bureau at the time of the Tax Sale is now deceased. LexisNexis Public Records Comprehensive Person Report (citations omitted); R.R. at 134. Additionally, the two (2) other employees of the Tax Claim Bureau involved in the Tax Sale at issue no longer work for the Tax Claim Bureau. Deposition of Yvonne Hayes at 18, 25; R.R. at 66, 68. Further, the deposition of the director from the Tax Claim Bureau and her testimony as to the incomplete nature of the Tax Claim Bureau's files were certainly not unexpected. Id.

This Court is mindful of the fact that parties defending tax sales need the files and records to meet the burden of proof shifted to them. However, this Court also recognizes the incongruity caused by the Appellants' attempt to gain an advantage, from information lost by virtue of delay highlights the need to apply the doctrine of laches in a situation such as this one. Appellants had twenty-three (23) years to ascertain their standing and assert their claim. Appellants' delay in bringing this action resulted in demonstrable prejudice to the Appellees. Allowing

12

prior owners of tax sale properties to bring challenges to old tax sales would wreak havoc on Pennsylvania's property system.

In sum, Appellants had sufficient and appropriate notice of the Tax Sale and the failure to bring action within the six (6) year period as specified by the Act is now barred by the statute of limitations and the doctrine of laches.

The common pleas court order is affirmed.


_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorian E. Pfeifer, Susan D. Payne,   :
Diane Torockio, Richard R. Dailey,   :
Susan M. Peterman, Deborah R. Miller, :
and Linda Blackburn Scott, Ruth Ellen  :
Gallagher, and Judith A. Gallagher   :
             Appellants   :
  :
          v.   :
  :
Westmoreland County Tax Claim   :
Bureau, BP Mineral Holdings III, LLC; :
Somerset Minerals, LP;   :   No. 1346 C.D. 2014
BRC Appalachian Minerals I, LLC   :

# **O R D E R**

AND NOW, this 1st day of September, 2015, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge