J-A20043-23
J-A20044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| RICHARD WORTHINGTON LODGE, JOHN STERLING LODGE, AND MARIE-LOUISE LODGE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM HOYT, MARK HOYT, EDWARD C. HOYT, THEODORE R. HOYT, AND GEORGE HOYT, COMPRISING THE FIRM OF HOYT BROTHERS, MARY HOYT, ANNA A. HOYT, CORDELIA IDA HOYT, AND ALL THEIR HEIRS, SUCCESSORS, AND ASSIGNS, HOYT ROYALTY, LLC, AND MICHAEL J. SOLOMON AND LORI A. SOLOMON, HOYT ROYALTY, LLC, TRUSTEES OF THE MARGARET E. HAIGHT TRUST, THOMAS PEDDER BISPHAM, SYDNEY WYNNE WOODWARD, GERTRUDE WEBER, JOHN WEDEL, KAREN ELITHIA WEDEL, ANN HOYT WEBER, CAROLINE HOKE WEBER, VIRGINIA FOOTE HAGGERTY, NATHAN CLARK SWEET, JOHN WEBER SWEET, AND ALL OTHER UNKNOWN HEIRS, SUCCESSORS, AND ASSIGNS OF WILLIAM HOYT, THEODORE R. HOYT, AND GEORGE S. HOYT, INDIVIDUALLY, JOINTLY, AND/OR TRADING AS HOYT BROTHERS | No. 1294 MDA 2022 |
| v. | |
| RICHARD WORTHINGTON LODGE, JOHN STERLING LODGE, MARIE-LOUISE LODGE, MICHAEL J. SOLOMON AND LORI A. SOLOMON | |

J-A20043-23
J-A20044-23

|  | : |  |
| --- | --- | --- |
|  | : |  |
| APPEAL OF: HOYT ROYALTY, LLC, | : |  |
| TRUSTEES OF THE MARGARET E. | : |  |
| HAIGHT TRUST, THOMAS PEDDER | : |  |
| BISPHAM, SYDNEY WYNNE | : |  |
| WOODWARD, GERTRUDE WEBER, | : |  |
| JOHN WEDEL, KAREN ELITHIA | : |  |
| WEDEL, ANN HOYT WEBER, | : |  |
| CAROLINE HOKE WEBER, VIRGINIA | : |  |
| FOOTE HAGGERTY, NATHAN CLARK | : |  |
| SWEET, JOHN WEBER SWEET, AND | : |  |
| ALL OTHER UNKNOWN HEIRS, | : |  |
| SUCCESSORS, AND ASSIGNS OF | : |  |
| WILLIAM HOYT, THEODORE R. HOYT, | : |  |
| AND GEORGE S. HOYT, | : |  |
| INDIVIDUALLY, JOINTLY, AND/OR | : |  |
| TRADING AS HOYT BROTHERS | : |  |

Appeal from the Order Entered August 15, 2022
In the Court of Common Pleas of Sullivan County Civil Division at No(s):
2008CV-321

| RICHARD WORTHINGTON LODGE, | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| JOHN STERLING LODGE, AND | : | PENNSYLVANIA |
| MARIE-LOUISE LODGE | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| WILLIAM HOYT, MARK HOYT, | : | No. 1363 MDA 2022 |
| EDWARD C. HOYT, THEODORE R. | : |  |
| HOYT, AND GEORGE HOYT, | : |  |
| COMPRISING THE FIRM OF HOYT | : |  |
| BROTHERS, MARY HOYT, ANNA A. | : |  |
| HOYT, CORDELIA IDA HOYT, AND | : |  |
| ALL THEIR HEIRS, SUCCESSORS, | : |  |
| AND ASSIGNS, HOYT ROYALTY, LLC, | : |  |
| AND MICHAEL J. SOLOMON AND | : |  |
| LORI A. SOLOMON, HOYT ROYALTY, | : |  |
| LLC, TRUSTEES OF THE MARGARET | : |  |
| E. HAIGHT TRUST, THOMAS PEDDER | : |  |
| BISPHAM, SYDNEY WYNNE | : |  |
| WOODWARD, GERTRUDE WEBER, | : |  |

- 2 -

J-A20043-23
J-A20044-23

| | |
|---|---|
| JOHN WEDEL, KAREN ELITHIA WEDEL, ANN HOYT WEBER, CAROLINE HOKE WEBER, VIRGINIA FOOTE HAGGERTY, NATHAN CLARK SWEET, JOHN WEBER SWEET, AND ALL OTHER UNKNOWN HEIRS, SUCCESSORS, AND ASSIGNS OF WILLIAM HOYT, THEODORE R. HOYT, AND GEORGE S. HOYT, INDIVIDUALLY, JOINTLY, AND/OR TRADING AS HOYT BROTHERS | : : : : : : : : : : : : |
| v. | : : : : : : |
| RICHARD WORTHINGTON LODGE, JOHN STERLING LODGE, MARIE-LOUISE LODGE, MICHAEL J. SOLOMON AND LORI A. SOLOMON | : : : : : : : : |
| APPEAL OF: RICHARD WORTHINGTON LODGE, JOHN STERLING LODGE, AND MARIE-LOUISE LODGE | : : : : : : |

Appeal from the Order Entered August 15, 2022
In the Court of Common Pleas of Sullivan County Civil Division at No(s):
2008-CV-321

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: NOVEMBER 28, 2023**

Hoyt Royalty, LLC, Trustees of the Margaret E. Haight Trust, Thomas

Pedder Bispham, Sydney Wynne Woodward, Gertrude Weber, John Wedel,

Karen Elithia Wedel, Ann Hoyt Weber, Caroline Hoke Weber, Virginia Foote

_____

[*] Former Justice specially assigned to the Superior Court.

- 3 -

Haggerty, Nathan Clark Sweet and John Weber Sweet (collectively "Hoyt Appellants") filed an appeal to challenge the trial court's order granting summary judgment in favor of Michael J. Solomon and Lori Solomon (hereinafter Appellees). Richard Worthington Lodge, John Sterling Lodge, and Marie-Louise Lodge (collectively "the Lodge Appellants") filed a separate appeal challenging the same order.[1] After careful review, we reverse the trial court's order and remand for further proceedings.

By way of background, in an April 22, 1893 deed, William Hoyt, Mark Hoyt, Edward C. Hoyt, Theodore R. Hoyt, and George S. Hoyt ("Hoyt Brothers") along with Mary Hoyt, wife of William Hoyt, Ann A. Hoyt, wife of Mark Hoyt, and Cordelia Ida Hoyt, wife of Edward C. Hoyt (collectively the "Hoyts") conveyed a vast amount of real property in Sullivan County to Union Tanning Company. However, in the same deed, the Hoyts reserved the oil, gas, and mineral rights to such property. The Hoyt Appellants have claimed that they own the subsurface rights to 20,916 acres of land.

In a deed dated February 4, 2011, the Lodge Appellants acquired property containing 303.63 acres (identified as Sullivan County Tax Parcel Number 06-076-002) from the Richard S. Lodge Revocable Trust and the

---

[1] We will address the appeals of the Hoyt Appellants and Lodge Appellants together in one decision as they raise the same issues and challenge the same order granting summary judgment in favor of Appellees. **See** Pa.R.A.P. 513 ("[w]here there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal").

- 4 -

Marie-Gay Lodge Revocable Trust. The Lodge Appellants asserted that the 303.63 acre property was described in a previous deed as three separate parcels with different chains of title. Amended Complaint, at 2. The Lodge Appellants admitted that one of the parcels (approximately 111 acres in size) was subject to the Hoyts' oil, gas, and mineral reservation set forth in their 1893 deed. Amended Complaint, at 2-3.

On November 21, 2008, the Lodge Appellants filed a quiet title action against the Hoyts and their heirs, successors, and assigns. Pursuant to the trial court's July 24, 2013 order, the Lodge Appellants filed an amended complaint on September 3, 2013 in order to include additional defendants in its quiet title action, including Appellant Hoyt Royalty, LLC (the successor to the Hoyts).[2] With respect to Appellant Hoyt Royalty, LLC and all other heirs, successors, and assigns of the Hoyts (collectively, the "Hoyt Appellants"), the Lodge Appellants asserted that the Hoyt Appellants' reservation of oil, gas,

_____

[2] Although this action names as defendants the members of the Hoyt family involved in the 1893 conveyance, all such individuals are deceased. Hoyt Royalty, LLC is a limited liability company that was formed "to acquire, own, possess, and manage all rights, title and interests in any and all natural gas, oil, coal, and other minerals and mineral rights located in the Commonwealth of Pennsylvania and elsewhere that were originally owned and possessed by the Hoyts … and their heirs, successors, and assigns." Hoyt Appellants' Answer, Cross-Claim, and Counterclaim, at 36-37. Hoyt Royalty, LLC owns and possesses 84.4% of the subsurface estate owned or possessed by the Hoyts' heirs, successors, and assigns. Hoyt Appellants' Answer, Cross-Claim, and Counterclaim, at 36. The owners of the remaining portion of the subsurface estate were joined to this action in the Hoyt Appellants' counterclaim and cross-claim, as discussed *infra*.

and mineral rights in the 1893 deed was invalid and had been cancelled with respect to the 111-acre parcel.

The Lodge Appellants' amended complaint also named Appellees (the Solomons) as defendants as Appellees had asserted an interest in the subsurface estate of Lodge Appellants' entire 303.63-acre property after this quiet title action had commenced. Appellees cited to a May 28, 1981 Tax Claim Deed in which the Sullivan County Tax Claim Bureau purported to convey the subsurface estate on Parcel "MR-6-3" to Appellees. Amended Complaint, at 5. The Tax Claim Deed refers to the exception in the "deed from William Hoyt and others to the Union Tanning Company dated April 22, 1893" and describes the property as approximately 313 acres. Amended Complaint at 3.

The Lodge Appellants specifically argued that Appellees have no claim to the subsurface rights of their 303.63 acreage parcel as Appellees' May 1981 Tax Claim deed was void. The Lodge Appellants cited to the records for the tax sale underlying the Tax Claim Deed which indicated that the premises sold included "80 acres of mineral rights in Elkland Township's Jesse Parker Warrant"; in comparison, the Lodge Appellants emphasized that their 303.63-acre property at Parcel Number 06-076-002 falls within Elkland Township's David Turner Warrant. Amended Complaint, at 5.

Thus, the Lodge Appellants argued that the Tax Deed erroneously described the taxed and sold property as 313 acres in the David Turner Warrant instead of 80 acres in in the Jesse Parker Warrant. As such, the Lodge Appellants argued that Appellees "may own the oil, gas, and mineral rights in

80 acres located in the Jesse Parker Warrant, but they do not hold or own title to the oil, gas, or mineral rights in any part of the subject property [belonging to the Lodge Appellants]." Amended Complaint, at 7.

In addition, the Lodge Appellants argued that notice of the tax sale for Sullivan County Tax Parcel MR-6-3 ("80 acres in Jesse Parker") was not provided to their predecessors in title nor was Appellees' Tax Claim Deed listed in the Sullivan County grantor indexes under the Hoyt Appellants.

On November 7, 2013, Appellees filed an Answer and New Matter to the Amended Complaint, asserting affirmative defenses which included a claim that the quiet title action was barred by the applicable statutes of limitations. Appellees did not make any counterclaim against the Lodge Appellants or file a cross-claim against the Hoyt Appellants.

On November 20, 2013, the Hoyt Appellants filed an Answer and New Matter to the Amended Complaint as well as a Counterclaims and Cross-Claim, which included three counts: 1) quiet title, 2) declaratory judgment, and 3) slander of title. The Hoyt Appellants' Counterclaim and Cross-Claim added multiple plaintiffs[3] who "are known living heirs, successors and/or assigns of

---

[3] The Hoyt Counterclaim and Cross-Claim Plaintiffs were identified as the Trustees of the Margaret E. Haight Trust, Thomas Pedder Bispham, Sydney Wynne Woodward, Gertrude Weber, John Wedel, Matt Wedel, Jay Wedel, Karen Elithia Wedel, Ann Hoyt Weber, Caroline Hoke Weber, Helen Hoyt Weber, Virginia Foote Haggerty, Nathan Clark Sweet and John Weber Sweet. The Hoyt Appellants deemed these individuals to be "involuntary counterclaim plaintiffs" along with all other unknown, successors, and assigns of the Hoyts. Hoyt Appellants' Answer, Cross-Claim, and Counterclaim, at 36-37.

the Hoyts who have not assigned and transferred their rights, title, and interests to Hoyt Royalty."[4]

With respect to the Appellees' claims, the Hoyt Appellants agreed with the Lodge Appellants that "to the extent that [the] 1981 Solomon Tax Deed sought to convey the Hoyt Sullivan County Subsurface Estate in, on, and under the Subject property, which is expressly denied, any such tax sale and tax title derived therefrom is void and invalid as a matter of law." Hoyt Appellants' Answer, Cross-Claim, and Counterclaim, at 36-37. The Hoyt Appellants also argued that the only tracts identified in the Hoyts' 1893 Deed Exception/Reservation are from warrants other than the Jesse Parker warrant.

On December 23, 2013, Appellees filed a reply to the Hoyt Appellants' claims and pled as new matter several affirmative defenses, including the statute of limitations.

On October 7, 2021, Appellees filed a motion for summary judgment, seeking to bar both the Hoyt Appellants' and Lodge Appellants' quiet title actions with a statute of limitations defense. On November 29, 2022, the Lodge Appellants filed an Answer along with a countermotion for summary judgment, asking the trial court to declare that Appellees' Tax Claim Deed is void *ab initio* and to bar Appellees from asserting any right, lien, title or interest in the subsurface rights at issue. On March 23, 2022, the Hoyt

---

[4] The Hoyt Appellants attempted to join lessees of the disputed subsurface rights as defendants, but ultimately filed a motion to discontinue the action as to those parties. On April 25, 2018, the trial court discontinued the action against all defendants excluding the Lodge Appellants and Appellees.

Appellants filed its Answer and countermotion for partial summary judgment, raising the same claim against Appellees based on its contention that Appellees' Tax Claim Deed was void. The Hoyt Appellants also asked the trial court to enter summary judgment in its favor against the Lodge Appellants as to the parties' competing claims for quiet title and declaratory judgment.

In its countermotion for partial summary judgment, the Hoyt Appellants provided that they had taken the oral deposition of the director of the Sullivan County Tax Claim Bureau, Susan McCarty. In this deposition, Ms. McCarty had no explanation for how Appellees' May 28, 1981 Tax Deed was prepared or issued. S. McCarty Dep. Tr., at 66-150. Ms. McCarty agreed that the real estate description contained in that Deed was inconsistent with the records and documents underlying the sale of 80 acres of mineral rights from the Jesse Parker Warrant taxed as Elkland Township Parcel MR-6-3. *Id*. at 148-49.

Ms. McCarty also indicated that Bureau has no records that indicate that the mineral rights to the approximately 303.63-acre parcel owned by the Lodge Appellants in the David Turner Warrant were ever taxed or sold prior to the 1981 private sale. *Id*. at 149. Ms. McCarty conceded that the 1981 Tax Deed was erroneous as she agreed that the Bureau had no authority to convey the subsurface rights at issue as the relevant property was never assessed or sold for taxes. *Id*. at 38-39, 56-60, 63-65, 148-150.

On August 15, 2022, the trial court entered an order granting Appellees' motion for summary judgment and denying the Lodge Appellants' motion for summary judgment and the Hoyt Appellants' motion for partial summary

judgment. In its accompanying opinion, the trial court concluded that both the Lodge Appellants and Hoyt Appellants were barred from challenging Appellees' recorded May 1981 Tax Claim Deed pursuant to the statutes of limitations under 42 Pa.C.S.A. §§ 5527 and 5530.

In reaching this conclusion, the trial court admitted that it did not need to "get to the merits" of the Lodge Appellants' and Hoyt Appellants' summary judgment motions, but ruled "as a matter of law, the recording of a deed from a tax claim bureau places the public on notice of the sale and the passage of time and/or constructive notice bars challenges to that deed." Trial Court Opinion, 8/15/22, at 6 (citing **Pfeifer v. Westmoreland Cnty. Tax Claim Bureau**, 127 A.3d 848 (Pa.Cmwlth. 2015)).

On August 24, 2022, the Hoyt Appellants, unsure of whether the trial court's grant of summary judgment was a final order, filed a motion asking the trial court to amend its order to include a finality determination pursuant to Pa.R.A.P. 341(c). On September 6, 2022, the trial court amended its order to include a finality determination, stating an immediate appeal of its August 15, 2022 order would facilitate resolution of the entire case.

On September 12, 2022, the Hoyt Appellants filed a notice of appeal docketed at 1294 MDA 2022. On September 19, 2022, the Lodge Appellants filed a notice of appeal docketed at 1363 MDA 2022. Although the Lodge Appellants titled their appeal as a cross-appeal, both the Lodge Appellants and the Hoyt Appellants' indicated that they were challenging the trial court's decision to grant summary judgment in favor of Appellees.

On October 31, 2022, this Court issued a rule to show cause as to whether the Hoyt Appellants and Lodge Appellants intended to raise issues that oppose each other and designate the appeals as cross-appeals, or whether the appeals should be designated at joint appeals pursuant to Pa.R.A.P. 512. On November 10, 2022, counsel for both the Hoyt Appellants and Lodge Appellants indicated that they did not intend to raise on appeals that oppose each other as the trial court did not resolve the merits of their respective summary judgment motions, but denied them on the basis of Appellees' statute of limitations defense. Thus, the Hoyt Appellants and Lodge Appellants did not object to their matters being designated as joint appeals.

On November 22, 2022, this Court issued an order indicating that the appeals would be listed consecutively, rather than as cross-appeals. This Court also authorized Appellees to file one brief in response to both appeals.

The Hoyt Appellants raise the following issues in their appeal:

1) Can the invalidity of a recorded tax claim bureau deed for property never assessed or sold for taxes be challenged through a quiet title or similar action filed over six or twenty-one years from the deed's recording?

2) Did the trial court err in its application of the summary judgment review standard in that, by not reaching the merits of the parties' motions, the trial court presumed the validity of the recorded tax claim bureau deed, although the burden of proving such validity rested upon the tax claim purchaser who offered no undisputed evidence of the deed's validity?

3) Did the trial court err in its application of the summary judgment review standard in that, by not getting to the merits of the parties' motions, the Court ignored the existence of genuine issues of material fact about the invalidity of the recorded tax claim bureau deed?

Hoyt Appellants' Brief, at 6-7 (renumbered, suggested answers omitted).

The Lodge Appellants raise the following issues in their appeal, which are essentially the same as those raised by the Hoyt Appellants:

1) Did the trial court err in ruling, as a matter of law and based on the ***Pfeifer*** decision, that a recorded tax claim bureau deed for property that was never validly assessed or sold for taxes is protected from all challenges due to the passage of time and/or constructive notice?

2) Did the trial court err in its application of the summary judgment motion standards in that, by not getting to the merits of the parties' motions, the Court presumed that the recorded May 1981 Tax Claim Bureau deed was valid, despite the fact that the burden of proof of validity rested upon [Appellees] who offered no undisputed evidence of such validity?

3) Did the trial court err in its application of the summary judgment motion standards in that, by not getting to the merits of the parties' motions, the Court ignored the existence of genuine issues of material fact concerning the validity of the May 1981 Tax Claim Bureau Deed?

Hoyt Appellants' Brief, at 5-6 (renumbered, suggested answers omitted).

As a preliminary matter, we must determine whether this appeal is properly before this Court. An appellate court only "has jurisdiction to entertain appeals taken (1) as of right from a final order; (2) from interlocutory orders by permission; (3) from certain interlocutory orders as of right; and (4) from certain collateral orders." ***Redevelopment Auth. of Cambria City v. Int'l Ins. Co.***, 685 A.2d 581, 585 (Pa.Super. 1996) (citations omitted).

Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties. ***Spuglio v. Cugini***, 818 A.2d

- 12 -

1286, 1287 (Pa.Super. 2003) (quoting ***American Independent Ins. Co. v. E.S. Ex. Rel. Crespo***, 809 A.2d 388 (Pa.Super. 2002); Pa.R.A.P. 341(b)(1)).

In this case, the trial court granted Appellees' motion for summary judgment concluding that all claims challenging Appellees' ownership of the 313-acre subsurface estate described in the Tax Claim Deed were barred by the statute of limitations. While the trial court did not specifically resolve the Lodge Appellants' claims against the Hoyt Appellants or the Hoyts' respective counterclaims, the trial court's grant of summary judgment in favor of Appellees was a final determination that neither the Hoyt Appellants nor the Lodge Appellants are permitted to assert any right, title, interest, and/or ownership in the subsurface estate at issue.

Even assuming *arguendo* that the trial court's order did not dispose of all claims and all parties, the Hoyt Appellants also attempted to perfect an interlocutory appeal by permission by timely seeking and obtaining the trial court's certification pursuant to Rule 341(c). The trial court determined that an immediate appeal would facilitate the resolution of the entire case. Both the Hoyt Appellants and Lodge Appellants filed a notice of appeal within thirty days of the date of the certification of the trial court's order granting summary judgment.[5] We conclude that we have jurisdiction to proceed in this matter.

---

[5] If the trial court agrees to enter a certification pursuant to Rule 341(c), "an immediate appeal of an otherwise unappealable interlocutory order may be filed as of right within 30 days of the date of certification of the order." ***Redevelopment Auth. of Cambria Cnty. v. Int'l Ins. Co.***, 685 A.2d 581, 586 (Pa.Super. 1996) (citations omitted)).

Our review of the trial court's grant of summary judgment is as follows:

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Olszewski v. Parry***, 283 A.3d 1257, 1262–63 (Pa.Super. 2022) (quoting

***True Railroad Realty, Inc. v. McNees, Wallace & Nurick, LLC***, 275 A.3d

490. 494 (Pa.Super. 2022)).

In granting summary judgment in this case, the trial court ruled that

the Hoyt Appellants and Lodge Appellants were barred from attacking the

validity of Appellees May 1981 Tax Claim Deed and the underlying tax sale in

- 14 -

their quiet title actions by the statute of limitations set under 42 Pa.C.S.A. §§ 5527 and 5530. However, in reaching this conclusion, the trial court did not address the Hoyt Appellants' and Lodge Appellants' challenges to the validity of the tax sale itself.

We begin by noting the following general principles:

The purpose of a quiet title action is to settle competing claims to interests in property or to determine right or title or the validity of any deed affecting any interest in land. Quiet title actions can be used to determine the respective interests of different parties claiming an interest in oil and gas rights, and these actions have become more common in this Commonwealth as landowners seek to enter into gas leases. Title searches incident to such leases may reveal competing claims to the gas rights or royalties.

A quiet title action is the appropriate forum for testing the validity of titles obtained at tax sales. *Price–Jeffries Co. v. Tillman*, 11 Pa.Cmwlth. 153, 312 A.2d 494 (1973). Former owners may use a quiet title action to attack defects in tax sales that would invalidate the deed by which they lost title, and purchasers at tax sales can file such an action to clear or confirm the deed by which they obtained title. Pa.R.C.P 1061(b)(4). Despite a presumption of good title in the possessor of a tax deed, the presumption falls when the regularity of the deed is questioned.

*Cornwall Mountain Invs., L.P. v. Thomas E. Proctor Heirs Tr.*, 158 A.3d 148, 160 (Pa.Super. 2017) (citation omitted).

This Court has recognized that "procedural irregularities in the notice, assessment, and tax sale process" are required to be raised in a timely action to upset a tax sale. *Id.* Nevertheless, "statutes of limitation and repose do not preclude one from defending a quiet title action on the basis that a tax sale was void, *i.e.*, where there were jurisdictional defects." *Id. See Trexler v. Africa*, 33 Pa.Super. 395, 410 (1907) (finding that a challenge based on a

five-year statute of limitations could not "breathe life into a void tax title");
*see also Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Tr.*,
455 F. Supp. 3d 127, 152 (M.D.Pa. 2020) (claim that tax sale was void *ab
initio* raised a "jurisdictional defect immune to statute of limitations
challenges").

In concluding that the Hoyt Appellants and Lodge Appellants were
barred from challenging the 1981 tax sale by applicable statutes of limitations,
the trial court relied on *Pfeifer v. Westmoreland Cnty. Tax Claim Bureau*,
127 A.3d 848 (Pa.Cmwlth. 2015)). In *Pfeifer*, individuals filed an action in
2013 seeking to challenge the 1990 upset tax sale of certain oil and gas rights,
by claiming the tax claim bureau did not provide them with proper notice of
the sale. The Commonwealth Court held that a "cause of action to set aside a tax
sale on the basis of deficient notice accrued and the statute of limitations began to
run on the date of the tax sale." *Pfeifer*, 127 A.3d at 851. The Commonwealth
Court found that the individuals had received constructive notice of the tax
sale since "as a matter of law, the recording of a deed from a tax claim bureau
places the public on notice of the sale and the passage of time and/or
constructive notice bars challenges to that deed." *Id.*

However, even if the *Pfeifer* decision was binding on this Court,[6] the
the Commonwealth Court has itself since ruled that *Pfeifer* is not applicable

---

[6] "This Court is not bound by the decisions of the Commonwealth Court.
However, such decisions provide persuasive authority, and we may turn to
*(Footnote Continued Next Page)*

to cases raising a jurisdictional challenge to a void tax sale and accompanying deed. *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 631 (Pa.Cmwlth. 2021). Consistent with this Court's decision in **Cornwall**, the Commonwealth Court has since clarified that a statute of limitations does not bar a challenge to a tax sale that is found to be void *ab initio*. **Id**.

As both Hoyt Appellants and the Lodge Appellants both sought to quiet title against Appellees based on their claim that Appellee's tax claim deed was void, the Hoyt Appellants and the Lodge Appellants were not precluded from challenging Appellees' claim of ownership on this basis by the statute of limitations.

Our review of the record reveals that the Hoyt Appellants and Lodge Appellants demonstrated that a disputed issue of fact existed on whether the Bureau had the authority to convey 313 acres of oil, gas, and mineral rights from property in the David Turner Warrant in Appellees' Claim Deed. Given that the underlying tax sale records and documents involved 80 acres of mineral rights in the Jesse Parker Warrant, there is a genuine issue of material fact to determine whether Appellees' Tax Claim Deed mistakenly included mineral rights that had not been assessed.

---

our colleagues on the Commonwealth Court for guidance when appropriate." *Commonwealth v. Hunt*, 220 A.3d 582, 591 (Pa.Super. 2019) (citations omitted).

Thus, in this case, the trial court erred in granting Appellees' summary judgment motion based solely on its determination that the quiet title actions were barred by the statutes of limitations without considering the Hoyt Appellants' and Lodge Appellants' claims seeking to invalidate Appellees' Tax Claim Deed as void.[7]

Accordingly, we reverse the portion of the trial court's order granting Appellee's summary judgment motion and vacate the trial court's order in all other respects. We remand for the trial court to address the merits of the countermotions for summary judgment filed by the Lodge Appellants and Hoyt Appellants.

---

[7] Based on its conclusion, the trial court also did not address the Hoyt Appellants' argument in its motion that summary judgment was appropriate for the Hoyt Parties against the Lodge Appellants' with respect to the parties' competing claims for quiet title and declaratory relief.

Order reversed in part with respect to its grant of Appellees' motion for summary judgment, order vacated in part with respect to denial of Lodge Appellants' and Hoyt Appellants' countermotions for summary judgment. Remand for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023