J-S44040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL A. WITMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN M. SCHWARTZ AND | : | |
| ALMA B. SCHWARTZ | : | |
| | : | |
| | : | No. 192 MDA 2020 |
| Appellants | : | |

Appeal from the Order Entered January 3, 2020
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-19-09033

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED OCTOBER 28, 2020**

In this ejectment action, Stephen M. Schwartz and Alma B. Schwartz (Appellants), husband and wife, appeal from the judgment entered on the pleadings[1] in the Lancaster County Court of Common Pleas, in favor of Paul A. Witmer (Appellee). We affirm.

In 2013, U.S. Bank, N.A. (US Bank) "filed a mortgage foreclosure action against [Appellants], and was granted summary judgment on May 17, 2017, and foreclosure sale of the property located at 304 Althea Lane, Millersville,

_____

[1] This Court has consistently recognized appeals from orders granting a motion for judgment on the pleadings. *See e.g.*, *Coleman v. Duane Morris, LLP*, 58 A.3d 833 (Pa. Super. 2012); *Weik v. Estate of Brown*, 794 A.2d 907 (Pa. Super. 2002). We further note that after Appellants filed their notice of appeal, Appellee filed a praecipe to enter judgment on February 7th, and judgment was thus entered.

Pennsylvania[.] *See U.S. Bank, N.A. v. Schwartz*, No. CI-13-08876." Trial Ct. Op., 2/12/20, at 1. Appellants appealed to this Court, which affirmed, concluding Appellants failed to establish a genuine issue of material fact. *U.S. Bank, N.A. v. Schwartz*, 1002 MDA 2017 (unpub. memo.) (Pa. Super. Feb. 20, 2018).

Upon remand, the sheriff's sale of the property was postponed twice upon petition by U.S. Bank. On July 23, 2018, Appellants requested a postponement of the sale, which was denied the following day. On July 25th, the sale proceeded and Appellee was the successful bidder on the property; on the same day, Appellants filed a notice of appeal from the July 24th order. On November 20, 2018, this Court quashed the appeal, upon US Bank's motion. *U.S. Bank, N.A. v. Schwartz*, 1461 MDA 2018 (order) (Pa. Super. Nov. 20, 2018), *appeal denied*, 22 MAL 2019 (Pa. Aug. 6, 2019). Appellants' application for reconsideration was dismissed as untimely filed. Appellants then sought allowance of appeal with the Pennsylvania Supreme Court, which was denied on August 6, 2019.

Meanwhile, the July 25, 2018, sheriff's sale was confirmed on July 20, 2019, and the sheriff's deed was recorded on August 2, 2019. Trial Ct. Op. at 1. Appellee sent a letter to Appellants, advising them to vacate the property. When they did not, Appellee filed the underlying ejectment complaint on September 20, 2019. "Service was made on October 16, 2019, and [Appellants] filed a timely *pro se* answer . . . on November 4, 2019[.]" *Id.* at

2. Appellants' answer "admitted only that they are husband and wife and in possession of the Property[, and i]n response to every other averment of fact contained in [Appellee's] complaint, [Appellants] responded that they were without 'sufficient knowledge and/or information' to form a belief as to the truth of the allegations[.]" *Id.* at 3. Appellants did not raise any new matter.

On November 14, 2019, Appellee filed a motion for judgment on the pleadings, along with a brief, averring, *inter alia*: (1) Appellants "have no legitimate cognizable defense against [his] claims, as evidenced by [their] Answer to [his] Complaint;" (2) Appellants' "response to each averment alleging 'insufficient evidence' is nothing more than a sophomoric attempt to eviscerate the various court rulings addressing [their] interests in the subject property;" and (3) Appellants' "responsive pleadings to [Appellee's] Complaint in their entireties fail to comply with Pa.R.C.P. [ ] 1019." Appellee's Motion for Judgment on the Pleadings, 11/14/19, at ¶¶ 4, 16, 19. **See** Pa.R.C.P. 1019 ("Contents of Pleadings. General and Specific Averments").

Appellants filed a response, which "attacked the underlying mortgage foreclosure action and asked" the trial court to vacate the decision in that matter. Trial Ct. Op. at 2. Appellants also averred that Appellee paid 20% of the bid price the day after the sheriff's sale, and not at the time of the sale, as required by the terms of the sheriff's sale.

The trial court granted Appellee's motion for judgment on the pleadings on January 3, 2020, finding his ejectment complaint properly provided both a

legal description of, and documentation that he possesses legal title to, the property. Trial Ct. Op. at 3. The court further found Appellants' general responses to the complaint's allegations were not credible, where Appellants participated in the foreclosure action, and moreover, their general denials did not conform with Pa.R.C.P. 1029(c) and thus were deemed to be admissions. The court's order also granted Appellee immediate physical possession of the property, as well as "costs, rental arrearages of $18,000.00, plus $1,200.00 per month for each month after November 1, 2019, and reasonable attorney's fees." Order, 1/3/20.

Appellants filed a *pro se* notice of appeal on January 31, 2020. Judgment was subsequently entered, upon Appellee's praecipe, on February 7th, and the court issued an opinion on February 12th.[2]

For ease of review, we first set forth the relevant law and the trial court's reasoning, before summarizing Appellants' arguments on appeal. This Court has stated:

> Pennsylvania Rule of Civil Procedure 1034[(a)] authorizes entry of judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial. "A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." On appeal from a grant of judgment on the pleadings, our scope of review is plenary. We must determine whether the trial court's ruling was based on a clear error of law or whether the pleadings disclosed facts which properly should go to the jury. Further, we must accept as true

---

[2] The trial court did not direct Appellants to file a Pa.R.A.P. 1925(b) statement.

- 4 -

all well-pleaded facts of the non-moving party, while considering against it only those facts it specifically admits.

***Mellon Bank, N.A. v. National Union Ins. Co.***, 768 A.2d 865, 868 (Pa. Super. 2001) (citations omitted). "We are also mindful of the well-settled principle applied to a motion for judgment on the pleadings: neither party will be deemed to have admitted conclusions of law." ***Id.***

Pennsylvania Rule of Civil Procedure 1029 provides in pertinent part:

**Rule 1029. Denials. Effect of Failure to Deny**

(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. . . .

(b) **Averments** in a pleading to which a responsive pleading is required **are admitted when not denied specifically** or by necessary implication. **A general denial** or a demand for proof, **except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission**.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

Note: Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. ***See Cercone v. Cercone***, . . . 386 A.2d 1 ([Pa. Super.] 1978).

\* \* \*

(e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading . . . may be denied generally . . .

Pa.R.C.P. 1029(a)-(c), (e) (emphases added).

- 5 -

In **Cercone**, this Court stated it was "clear that a defendant may not rely upon Rule 1029(c)(1) to excuse a failure to make a specific denial of factual allegations contained in a complaint when it is clear that the defendant must know whether a particular allegation is true or false." **Cercone**, 386 A.2d at 4. Citing Rule 1029(b), this Court has also stated: "General denials constitute admissions where . . . specific denials are required. **Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 466-67 (Pa. Super. 2014). Additionally:

> [A]n averment of lack of knowledge is not a sufficient denial under Pa. R.C.P. 1029(c) when it is manifest from the fact averred in the pleading that the means of proof are matters of public record. If a defendant has no knowledge he must make a reasonable investigation to ascertain whether the facts alleged are true. If inquiry had been made, the public records of the Commonwealth would have readily revealed the truth or falsity of the averment.

**Strank v. Mercy Hospital of Johnstown**, 102 A.2d 170, 171-72 (Pa. 1954).

Here, the trial court found the denials in Appellants' answer "do not conform to the requirements of [Pa.R.C.P. 1029(c)] in that they fail to allege that they lack knowledge and information after 'reasonable investigation.'" Trial Ct. Op. at 3-4. The court reasoned:

> Moreover, an averment of lack of knowledge is not a sufficient denial under Rule 1029(c) when, among other things, the information is a matter of public record, it is clear that [the] defendant must know the truth or falsity of a particular allegation, the information necessary to formulate a specific denial is ascertainable after a reasonable investigation, and it affirmatively appears that [the] defendant has sufficient knowledge on which to base an admission or a specific denial. **See Strank**, [102 A.2d at 171-72]; **Mellon Bank, N.A. v. Joseph**, . . . 406 A.2d 1055, 1058 ([Pa. Super.] 1979) . . . . [Appellants'] denials under Rule 1029(c) are classically and inherently incredible where [they] were involved in all stages of the underlying mortgage foreclosure.

- 6 -

Because [Appellants'] answers are general denials and the exception contained in subsection (c) of Rule 1029 is not applicable, the answers are deemed to be admissions of all material facts in [Appellee's] complaint in ejectment under Rule 1029(b) for purposes of the motion for judgment on the pleadings. ***See City of Philadelphia v. Kenny***, . . . 369 A.2d 1343, 1350 (Pa. Cmwlth. 1977) (general denials have the effect of admissions for purposes of a motion for judgment on the pleadings). Thus, no meritorious defense to the complaint in ejectment could be gleaned from the answer to the complaint. Nor was a valid defense raised in the response to the judgment on the pleadings. As such, since the issue to be tried in an ejectment action is the right of possession, and all of the evidence of record indicated that that right belongs to [Appellee], there were no genuine issues of material fact which remained undetermined, and this court was compelled to grant judgment on the pleadings in [Appellee's] favor.

***Id.*** at 4-5.

On appeal, Appellants present six overlapping issues:

[1.] Did . . . Appellee pay [20%] on the fall of the hammer[ on] July 25, 2018[?]

[2.] Does the Sheriff's Deed to Appellee reflect the date of the Sheriff's Sale, July 25, 2018[?]

[3.] Does the Sheriff's Deed to Appellee[ ] admit $166,000.00 paid to Sheriff Christopher Leppler on July 25, 2018[?]

[4.] Whose signatures appear on the Sheriff's Deed dated July 25, 2018, to attest to transfer the deed to Appellee[?]

[5.] Was the Sheriff's Sale noncompliant in accordance to the "Terms of Sale", of the Sheriff's Sale [sic] [?]

[6.] According to the Sheriff's Sale, Term of Sale [sic], did the Sheriff have the authority randomly to override the conditions of a public auction[?]

Appellants' Brief at 10-11.

Appellants aver the trial "court ignored the fact that the entire Sheriff's Sale was not in compliance with the 'Terms of Sale,'" where Appellee failed to pay 20% of the bid price on the day of the sheriff's sale and failed to pay the full amount within 30 days of the sale. Appellants' Brief at 14-16. Appellants also claim the sheriff failed to "file a schedule of distribution thirty days after the sale," as required by Pa.R.C.P. 3135,[3] and failed to wait 10 days to execute a deed. *Id.* at 18. Appellants further allege that Appellee and the sheriff "jointly or severally, together conspired[ ] to enrich . . . Appellee for reasons unknowns, committed fraud[ ] upon the Court, Sheriff's Department, the general public, . . . the original Lender of the outstanding loan, and . . . Appellants." *Id.* at 17. Appellants maintain that on November 1, 2019, US Bank "filed a Motion to Compel the Sheriff to Reissue Checks, in [the foreclosure action, which] proves no distribution of proceeds to cure the debt on the mortgage foreclosure . . . , and that case is not closed as of the filing of this appeal, on January 31, 2020." *Id.* at 19. Appellants request this Court reverse and vacate the trial court's decision. No relief is due.

---

[3] **See** Pa.R.C.P. 3135(a) ("When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold."), 3136(a) ("Not later than thirty days after the sale of real property . . . , the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be filed in the prothonotary's office.").

As stated above, the trial court found the general denials in Appellants' answer fail to comply with Rule 1029, and thus are deemed admissions. Rather than addressing the court's reasoning, Appellants attempt to challenge the validity of the sheriff's sale. The sheriff's sale, however, was a part of the prior foreclosure matter between Appellants and US Bank, and any challenge to the sale should have been raised in that matter. ***See, e.g. Blue Ball Nat'l Bank v. Balmer***, 810 A.2d 164, 166 (Pa. Super. 2002) ("The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. . . . A sale may be set aside upon petition of an interested party where 'upon proper cause shown' the court deems it 'just and proper under the circumstances.' Pa.R.C.P. 3132.").

As Appellants have failed to present any discussion of the trial court's reasoning, Rule 1029, Appellee's motion for judgment on the pleadings, or their answer, we conclude they have not established grounds for relief.[4]

---

[4] We note:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Norman v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) (quotation marks and citation omitted).

Furthermore, we agree with the trial court's analysis under Rule 1029(c). Accordingly, we affirm the order granting judgment on the pleadings entered in favor of Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2020